# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL J. BANKS and<br>ANTONIA RUSH- BANKS,<br><br>      Plaintiffs,<br><br>vs.<br><br>FRANCIS G. SLAY,<br>In his official capacity as Mayor,<br>City of St. Louis, and Ex-Officio Member,<br>St. Louis Board of Police Commissioners,<br><br>and<br><br>DARLENE GREEN,<br>In her official capacity as Comptroller,<br>City of St. Louis,<br><br>and<br><br>TISHAURA O. JONES,<br>In her official capacity as Treasurer,<br>City of St. Louis<br><br>and<br><br>COL. RICHARD GRAY,<br>In his official capacity as President,<br>St. Louis Board of Police Commissioners,<br><br>and<br><br>COL. THOMAS IRWIN,<br>In his official capacity as Vice President,<br>St. Louis Board of Police Commissioners,<br><br>and | Cause No. 4:13-CV-02158 |

| | |
|---|---|
| COL. BETTYE BATTLE-TURNER, <br> In her official capacity as Treasurer, <br> St. Louis Board of Police Commissioners, <br> <br> and <br> <br> COL. ERWIN O. SWITZER, <br> In his official capacity as Purchasing <br> Member, St. Louis Board of Police <br> Commissioners, <br> <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT – 42 U.S.C. § 1983**
**DECLARATORY JUDGMENT AND WRIT OF MANDAMUS TO**
**ENFORCE JUDGMENT AGAINST THE CITY OF ST. LOUIS**
**AND THE ST. LOUIS BOARD OF POLICE COMMISSIONERS**

**JURISDITION AND VENUE**

1. This matter is a civil action arising under the Constitution of the United States and federal statute 42 U.S.C. § 1983, and this Court has Federal Question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 2201.

2. All events giving rise to this cause of action occurred within the geographical area of the Eastern District of Missouri and therefore venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiffs Michael and Antonia Rush-Banks are citizens and residents of the City of St. Louis, State of Missouri.

2

4. Francis G. Slay is named herein solely in his official capacity as Mayor, City of St. Louis, and Ex-Officio Member of the St. Louis Board Police Commissioners.

5. Darlene Green is named herein solely in her official capacity as Comptroller, City of St. Louis.

6. Tishaura O. Jones is named herein solely in her official capacity as Treasurer, City of St. Louis.

7. Col. Richard Gray is named herein solely in his official capacity as President, St. Louis Board of Police Commissioners.

8. Col. Thomas Irwin is named herein solely in his official capacity as Vice President, St. Louis Board of Police Commissioners.

9. Col. Bettye Battle-Turner is named herein solely in her official capacity as Treasurer, St. Louis Board of Police Commissioners.

10. Col. Erwin O. Switzer is named herein solely in his official capacity as Purchasing Member, St. Louis Board of Police Commissioners.

## FACTS COMMON TO ALL COUNTS

11. On January 22, 2009, Plaintiffs filed their Second Amended Petition against St. Louis Police Officer Reginald Williams in both his official and individual capacities (hereinafter "Underlying Petition.") specifically alleging that:

    (a) Police Officer Williams was at all times relevant employed as a police officer by the Board of Police Commissioners, City of St. Louis.

3

(b) At all times relevant, Police Officer Williams was acting under color of state law.

(c) Police Officer Williams violated plaintiffs' constitutional rights by arresting Plaintiff Banks without probable cause, by planting false evidence on Plaintiff Banks, by filing false statements charging Plaintiff Banks with felonious acts for which Banks was forced to stand trial, and by confiscating money from Plaintiff Banks.

(d) Plaintiffs were damaged as a proximate result of Police Officer Williams' unconstitutional actions.

(e) Police Officer Williams was acting pursuant to custom and policy of the City of St. Louis and its Board of Police Commissioners because:

   i. St. Louis City and the St. Louis Board of Police Commissioners had prior notice and complaints that there existed a continuing, widespread, and persistent pattern of unconstitutional conduct by Police Officer Williams and other employees and agents of the City of St. Louis and the St. Louis Board of Police Commissioners,  and

   ii. The City of St. Louis and the St. Louis Board of Police Commissioners deliberately failed to investigate or act

4

      on complaints and notice of unconstitutional conduct to prevent, properly supervise, and train police officers to prevent such conduct, all of which constituted deliberate indifference or tacit authorization of such conduct.

See "Underlying Petition," Exhibit 1.

12. On January 26, 2009, Plaintiffs personally served the "Underlying Petition" upon the Mayor of the City of St. Louis and individual members of the Board of Police Commissioners. See return of service, Group Exhibit 2.

13. Police Officer Williams, the City of St. Louis, and the St. Louis Board of Police Commissioners failed to file an answer to Plaintiffs' "Underlying Petition" against Police Officer Williams in his personal or official capacity.

14. On April 3, 2009 and upon Plaintiffs' application, Division 2 of the St. Louis City Circuit Court set a hearing for default and inquiry on Plaintiffs' "Underlying Petition". See Default and Inquiry notice, Exhibit 3.

15. Pursuant to Court order, the notice of Default and Inquiry was individually served upon the Mayor of the City of St. Louis and members of the Board of Police Commissioners by mail on April 6, 2009. See Certificate of mailing, Exhibit 4.

16. Counsel for the St. Louis Police Commissioners assistant attorney general Ryan Bertels was served with notice of the default proceedings by email. Exhibit 5.

17. On April 27, 2009, Division 2 of the St. Louis City Circuit Court held a default hearing on Plaintiffs' "Underlying Petition" in open court.

18.     Assistant Attorney General Dana Ceresia was present at the default hearing on April 27, 2009.

19.     On April 27, 2009, the Circuit Court for the City of St. Louis, entered a default judgment as follows:

> CAUSE CALLED.  PLAINTIFFS APPEAR AND TESTIFY REGARDING THEIR DAMAGES.  DEFENDANTS FAIL TO APPEAR AFTER HAVING BEEN PROPERLY SERVED AND GIVEN NOTICE OF TODAY'S HEARING.  WHEREFORE, JUDGMENT IS ENTERED IN FAVOR OF MICHAEL J. BANKS ON COURT 1 IN THE AMOUNT OF $900,000.00 FOR ACTUAL DAMAGES AGAINST REGINALD WILLIAMS IN HIS PERSONAL AND OFFICIAL CAPACITIES, JOINTLY AND SEVERALLY.  JUDGMENT IS ENTERED IN FAVOR OF ANTONIA RUSH-BANKS ON COUNT IV IN THE AMOUNT OF $90,000.00 FOR ACTUAL DAMAGES AGAINST REGINALD WILLIAMS IN HIS PERSONAL AND OFFICIAL CAPACITIES, JOINTLY AND SEVERALLY.  ATTORNEY'S FEES AWARDED TO ROBERT HERMAN OF SCHWARTZ, HERMAN & DAVIDSON PURSUANT TO 42 U.S.C., 1988 IN THE AMOUNT OF $495,000.00 IN ADDITION TO THE ABOVE DAMAGE AWARDS.  COSTS OF THIS ACTION IN THE AMOUNT OF $2,553.49 AWARDED TO ROBERT HERMAN OF SCHWARTZ, HERMAN & DAVIDSON.  COURT REPORTER LAURIE A. BENNETT #407 SO ORDERED JUDGE MICHAEL MULLEN

See Plaintiffs' "Underlying Petition" Default Judgment, Exhibit 6.

20. More than one year has passed since entry of the Judgment on Plaintiffs' "Underlying Petition".

21. Both the City of St. Louis and the Board of Police Commissioners have refused Plaintiffs' requests for satisfaction of the judgment against Officer Williams in his official capacity.

22. Defendants were advised that default judgment had been taken against them. See Exhibit 7.

23. Defendants have refused satisfaction of the judgment on the grounds that neither the City of St. Louis nor the St. Louis Board of Police Commissioners is liable for judgment against St. Louis Police Officer Williams in his official capacity because they are not indemnitors or insurers of Police Officer Williams.

## COUNT I: DECLARATORY JUDGMENT

24. Defendants Slay, Gray, Irwin, Battle-Turner, and Switzer constitute the entire current St Louis Board of Police Commissioners and collectively have the legal authority to represent the interests of the St. Louis Police Department.

25. A suit against an officer in his official capacity is a suit against the entity that the official represents, according to the well-established federal and Missouri state case law, as follows:

(a) "Official-capacity suits represent another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985), citing *Brandon v. Holt*, 469 U.S. 464 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978).

(b) "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir.2010); *Crawford v. Van Buren County, Ark.*, 678 F.3d 666, 669 (8th Cir. 2012). "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."

*Parrish v. Ball,* 594 F.3d 993, 997 (8th Cir. 2010) (citing *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)); *Elder–Keep v. Aksamit,* 460 F.3d 979, 986 (8th Cir.2006).

(c) "[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official." *Burton v. St. Louis Bd. of Police Com'rs*, 4:10CV1540 TCM, 2012 WL 1933761 (E.D. Mo. 2012), citing *Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007).

(d) An official capacity suit is treated as a suit against the governmental entity. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 609 (8th Cir. 2003), citing *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

(e) A suit against a public employee in his or her official capacity is merely a suit against the public employer. *Johnson v. Outboard Marine Corp*., 172 F.3d 531, 535 (8th Cir. 1999), citing *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

(f) A suit against a county official in his official capacity is the equivalent of a suit against the county itself. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 923 (8th

9

     Cir. 1998), citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

 (g) A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. *Parrish v. Luckie*, 963 F.2d 201, 203 (8th Cir. 1992), citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

26. Police Officer Williams is an officer of the City of St. Louis, Section 84.330 R.S.Mo.; *Smith v. State,* 152 S.W.3d 275 MO 2005), and is an agent of the City as a matter of law. *Hodges v. City of St. Louis*, 217 S.W.3d 278, 280-81 (Mo. 2007).

27. A plaintiff seeking to recover a judgment for damages in an official-capacity suit must look to the government entity itself. *Hill v. City of St. Louis*, ED96207, 2012 WL 1511726 (Mo. App. E. Dist. 2012), citing *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). See also *Gas Serv. Co. v. Morris*, 353 S.W.2d 645, 647–48 (Mo.1962); *Best v. Schoemehl*, 652 S.W.2d 740, 742 (Mo.App.1983).

28. By operation of law, the judgment against Officer Williams in his official capacity is a judgment against the City of St. Louis and the Board of Police Commissioners, and the instant suit seeks to collect the judgment directly from the City of St. Louis and the Board of Police Commissioners as judgment debtors, not as indemnitors or insurers.

29.     Petitioners/Relators are entitled to enforce, execute, and collect the judgment directly against and from the City of St. Louis and the St. Louis Board of Police Commissioners.

30.     Defendants Slay, Green, Jones, Gray, Irwin, Battle-Turner, and Switzer have a ministerial, mandatory, and non-discretionary duty to take all legal action on behalf of the City of St. Louis and the St. Louis Board of Police Commissioners to cause the City of St. Louis and the St. Louis Board of Police Commissioners to satisfy judgments against Officer Williams who was named in Plaintiffs' Underlying Judgment in his official capacity as a St. Louis Police Officer.

**WHEREFORE,** Plaintiffs Michael J. Banks and Antonia Rush-Banks pray for Declaratory Judgment pursuant to 42 U.S.C. § 1983, declaring that their judgment against Defendant Reginald Williams in his official capacity is a judgment against the City of St. Louis and the St. Louis Board of Police Commissioners as judgment debtors, not as indemnitors or insurers, and declaring the Plaintiffs are entitled to enforce, execute, and collect the judgment directly against and from the City of St. Louis and the St. Louis Board of Police Commissioners; for costs and attorney's fees pursuant to 42 U.S.C. § 1988; and for such other and further relief as to this Court seems just and proper.

## COUNT II: MANDAMUS

31. All allegations set forth in Count I above are incorporated into the allegations of Count II as if fully set forth herein.

32. Mo. Rev. Stat. Ann. § 513.410 (West) provides that:

> Whenever an execution, issued out of any court of record in this state, against any incorporated town or city, shall be returned unsatisfied, in whole or in part, for want of property whereon to levy, such court at the return term or any subsequent term thereof shall, by writ of mandamus, order and compel the chief officer, trustees, council and all other proper officers of such city or town, to levy, assess and collect the annual taxes in such town or city from year to year, as occasion may require, within the constitutional limits, and order the same, when collected by the proper officer or officers, to be paid to the execution creditor, his agent or assigns, except such amount as may be necessary to pay the reasonable salary allowed by law to the mayor, council, assessor, marshal, constable, attorney and a reasonable police force of any such town or city.

33. Plaintiffs have no remedy at law to enforce their judgment against the City of St. Louis and the St. Louis Board of Police Commissioners because execution against the City of St. Louis and the St. Louis Board of Police commissioners is prohibited by statute and, accordingly, mandamus is the proper remedy to enforce the Judgment. See, *State ex rel. Huff v. Knight*, 121 S.W.2d 762, 764 (Mo. App. 1938).

34. Defendants Slay, Green, Jones, Gray, Irwin, Battle-Turner, and Switzer are the "chief officer, trustees, council and all other proper officers of such city or town" within the meaning of § 513.410, to cause the City of St. Louis and the Board of Police Commissioners to satisfy the judgment.

35. Pursuant to § 513.410, Plaintiffs have a clear, unequivocal, and unconditional right to an order of mandamus directing defendants herein to satisfy their judgment against the City of St. Louis and the St. Louis Board of Police Commissioners because judgment against St. Louis Police Officer Williams in his official capacity is the functional equivalent of a judgment against the City of St. Louis and the St. Louis Board of Police Commissioners.

36. Defendants Slay, Green, Jones, Gray, Irwin, Battle-Turner, and Switzer have a ministerial, mandatory, and non-discretionary duty to take all legal action on behalf of the City of St. Louis and the St. Louis Board of Police Commissioners to cause the City of St. Louis and the St. Louis Board of Police Commissioners to satisfy judgments against officer Williams, who was named in Plaintiffs' Underlying Judgment in his official capacity as a St, Louis Police Officer.

**WHEREFORE,** Plaintiffs Michael J. Banks and Antonia Rush-Banks pray this Court issue a Writ of Mandamus ordering Francis G. Slay, Mayor of the City of St. Louis and Ex-Officio Member of the St. Louis Board of Police Commissioners; Darlene Green, Comptroller of the City of St. Louis; Tishaura O. Jones, Treasurer of the City of St. Louis; Col. Richard Gray, President of the St. Louis Board of Police Commissioners; Col. Thomas Irwin, Vice President of the St. Louis Board of Police Commissioners; Col.

Bettye Battle-Turner, Treasurer of the Board of Police Commissioners; and Col. Erwin O. Switzer, Purchasing Member of the St. Louis Board of Police Commissioners, all in their official capacities, to take such action as required by Mo. Rev. Stat. Ann. § 513.410 to satisfy Plaintiffs' Underlying Judgment in the amount totaling $1,487,553.49, with post judgment interest at the statutory rate from the date of judgment; for costs and attorney's fees pursuant to 42 U.S.C. § 1988; and for such other and further relief as to this Court seems just and proper.

Respectfully submitted,

**SCHWARTZ, HERMAN & DAVIDSON**

By:   /s/  Robert Herman
Robert Herman, Bar No. 32376 MO
8820 Ladue Road, Suite 201
St Louis, MO 63124
Ph:  (314) 862-0200
Fx:  (314) 862-3050
bherman@laduelaw.com
*Attorney for Plaintiffs*