IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

MICHAEL J. BANKS and )
ANTONIA RUSH- BANKS, )
)
Plaintiffs, )
) Cause No. 4:13-CV-02158-ERW
vs. )
)
FRANCIS G. SLAY *et al.*, )
)
Defendants. )
)

**RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

***Rooker-Feldman* is Not Applicable Because the State Proceedings in *Banks*[1] Were Not Complete When the Federal Suit Was Filed**

*Rooker/Feldman* applies "only if the federal suit is commenced after the state court proceedings have ended. … There is no judgment to review if suit is filed in federal district court prior to completion of the state-court action."  *Dornheim v. Sholes,* 430 F.3d 919, 923 (8th Cir. 2005).  In *Dornheim*, the Eighth Circuit reversed the District Court's application of *Rooker-Feldman* because the Plaintiff's North Dakota state case was not complete, even though the state court of appeals had affirmed judgment against Plaintiff and the case was merely pending a decision by the state supreme court on Plaintiff's petition for writ of certiorari, concluding that the state court proceeding was only complete after the final state court action was complete.  *Dornheim* cited with approval the Ninth Circuit case of *Mothershed v. JJ. of Sup. Ct.,* 410 F.3d 602, 604–05 n. 1 (9th

---
[1] *Banks v. Slay,* 410 S.W.3d 767, 771 (Mo. App. E. Dist. 2013) (hereinafter "*Banks*")

Cir. 2005) *opinion amended on denial of reh'g,* 03-16878, 2005 WL 1692466 (9th Cir. 2005), which held that for *Rooker-Feldman* purposes, the state-court proceeding was complete only when the state Supreme Court denied the plaintiff's request for a writ of mandamus.  *Dornheim* follows the holding of *Exxon Mobil* that *Rooker-Feldman* does not bar concurrent jurisdiction in the state and federal courts, is consistent with later Eighth Circuit rulings, see, e.g. *Stebbins v. Harp & Associates, LLC,* 13-1262, 2013 WL 4105654 (8th Cir. 2013) ("*Rooker–Feldman* doctrine applies only when federal suit is filed after completion of state-court action"), and is consistent with other Federal Circuits recognizing that "*Rooker–Feldman* applies only to suits filed after state proceedings are final."  *Guttman v. Khalsa*, 446 F.3d 1027, 1031-32 (10th Cir. 2006) (collecting similar cases) (holding that *Rooker–Feldman* did not bar federal jurisdiction where a petition for certiorari was pending before the New Mexico Supreme Court at the time federal suit was filed.)

*Banks* expressly recognized that Plaintiffs are entitled to seek an original writ in the Supreme Court for mandamus.  *Banks*' denial of the writ of mandamus was not the final state proceeding.  The Missouri Rules do not impose a time limit for the filing of a successive petition for alternative writ of mandamus, and Plaintiffs are still entitled to file such a petition at any time.  However, before the state court proceedings became final, Plaintiffs chose to file this federal action on October 28, 2013, just 20 days following the October 8, 2013 *Banks* ruling, and before the November 4, 2013 *Banks* mandate.

2

*Rooker-Feldman* has no applicability in the instant case because the Missouri state proceeding is not final.

***Rooker-Feldman* is Not Applicable Because Plaintiffs' Federal Action Does Not Ask this Court to Review the State Court Judgment**

"If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." [2] *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005) (Internal quotes and citations removed). "The *Rooker–Feldman* doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party?  If the former, then the district court lacks jurisdiction; if the latter, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Zurich Am. Ins. Co. v. Super. Ct. for State of California*, 326 F.3d 816, 821-26 (7th Cir. 2003) In *Zurich*, the Eighth Circuit held that *Rooker–Feldman* did not apply when Plaintiffs filed their federal action to enforce arbitration rights under the Federal Arbitration Act after the state court had refused enforcement:

---

[2] As has been previously argued in Plaintiffs' response (document #16) to the Motion to Dismiss of Defendants Slay, Green, and Jones (document #13), denial of an alternative writ of mandamus cannot serve as the basis for claim preclusion, whether *res judicata* or collateral estoppel.

> Zurich's injury was not caused by the state court, but by its adversary's conduct (Watts's refusal to arbitrate); its only gripe with the state court is that it failed to remedy that conduct. … Zurich's federal claim simply seeks to bypass the state court's order, and does not directly attack it, so *Rooker–Feldman* does not apply. …  A mere assertion that a district court, in considering a claim that is independent of the state court judgment, might negate a legal conclusion that the state court reached is insufficient to trigger application of *Rooker–Feldman.*

"The pivotal question, then, is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. To put it another way, the key inquiry is whether the district court is in essence being called upon to review the state-court decision." *Lewis v. Anderson,* 308 F.3d 768, 771-72 (7th Cir. 2002) (quotation marks and citation omitted).

Plaintiffs' federal claim asks this court for declaratory judgment to determine whether their judgment against a St. Louis City police officer in his official capacity is a judgment against the assets of the City of St. Louis and the St. Louis Board of Police Commissioners, the official's employers.  Plaintiffs' injury is caused by Defendants' refusal to pay the final judgment entered against them, and Plaintiffs' federal action does not seek to reverse the state court denial of the writ of mandamus.  As in *Zurich*, Plaintiffs' federal claim simply seeks to bypass the state court's order and does not directly attack it, so *Rooker–Feldman* does not apply.  See also, *Hale v. State Farm Mut. Auto. Ins. Co.,* 12-0660-DRH, 2013 WL 1287054 (S.D. Ill. 2013), ("If, on the other hand,

4

the claimed injury is independent of the state-court judgment, or if the federal claim is based on a prior injury that a state court failed to remedy, *Rooker–Feldman* does not bar the claim.") (Internal quotes and citation removed).  Accord, *Calhoun v. CitiMortgage, Inc.,* 13 C 8042, 2014 WL 274122 (N.D. Ill. 2014).

### *Rooker-Feldman* Does Not Bar Federal Jurisdiction Because *Banks* Was A Discretionary Denial of the Writ of Mandamus that Did Not Reach the Merits of Plaintiffs' Federal Claims.

The *Rooker–Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil* 544 U.S. T 284.  *Rooker-Feldman* is inapplicable here because the state court's discretionary denial of the writ of mandamus does not make Plaintiffs "losers," since the state court declined to reach the merits of Plaintiffs' federal claims and the mandamus proceedings did not afford Plaintiffs the type of reasonable opportunity to litigate their federal claims that would preclude independent federal jurisdiction over their federal claims.

*Banks v. Slay,* 410 S.W.3d 767, 771 (Mo. App. E. Dist. 2013) explicitly states that Plaintiffs' writ of mandamus was denied for failure to follow the state procedural requirements for filing a petition for mandamus required by Rule 94.

5

> Rather than perpetuate a procedural process that is not authorized by Rule 94 and is disfavored by the Supreme Court of Missouri, instead of stating that the judgment is affirmed, this court denies the writ without prejudice to seeking an original writ in the Supreme Court of Missouri. In the future, our circuit courts should follow the procedure set out in Rule 94 rather than issue a summons.

Since *Banks* refused to affirm the lower court judgment[3] and expressly left Plaintiffs with the right to file an additional "original" petition for writ, Plaintiffs cannot be considered the "losers' of a prior state court judgment. If the Court of Appeals had reached the merits of Plaintiffs' federal claim, it would have affirmed the Circuit Court judgment and would not have instructed Plaintiffs to seek a successive "original" writ from the Missouri Supreme Court.

   Plaintiffs' federal claim asks this court for Declaratory Judgment to determine whether their judgment against a St. Louis City police officer in his official capacity is a judgment against the assets of the City of St. Louis and the St. Louis Board of Police Commissioners, the officer's municipal employers.[4] *Banks* denied the writ because

---

[3] Defendants' suggestion that Banks affirmed the circuit court is incorrect. (Defendants' memorandum of law, p. 2, document #19.)

[4] For more than 30 years, courts at every level of the judicial system have recognized that a judgment against an officer in his official capacity is a judgment against the assets of the employing municipalities.

> Because this distinction apparently continues to confuse lawyers and confound lower courts, we attempt to define it more clearly through concrete examples of the practical and

6

Plaintiffs failed to seek an "alternative writ of mandamus" in compliance with Rule 94 of the Missouri Rules of Civil Procedure, and the circuit court improperly issued its summons on the petition for writ without the precedent for "alternative writ." *Banks* refused to affirm the judgment of the circuit court and denied the "writ without prejudice to seeking an original writ in the Supreme Court of Missouri" so as not to "perpetuate a procedural process that is not authorized by Rule 94 and is disfavored by the Supreme Court of Missouri…." *Banks* was not an adjudication of the merits of plaintiffs' federal claims because once the court ruled that the writ should be denied for failure of the trial court and plaintiffs to comply with the Rule 94 procedures, the court was without jurisdiction to reach the merits of plaintiffs' petition for writ of mandamus. The Court cannot address the merits of a case without jurisdiction. *Fleming v. Rowley,* 148 S.W.3d 855 (Mo. App. E. Dist. 2004). A judgment entered in excess of or beyond the jurisdiction of the trial court is void and an appellate court has no jurisdiction to review on the merits. *Peters v. United Consumers Club,* 786 S.W.2d 192, 193 (Mo. App. E. Dist. 1990). Any judicial discussion of Plaintiffs' federal claim was merely *obiter*

---

> doctrinal differences between personal and official capacity actions.
>
> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (Internal quotes and citations removed.)

7

*dictum.* A void state court judgment does not serve as a bar to Federal jurisdiction. *In re James,* 940 F.2d 46, 52 (3d Cir. 1991).

*Rooker-Feldman* does not apply when the state court dismissed the state cause of action on wholly state issues and did not or had no jurisdiction to reach the federal issues. *"[T]he Rooker–Feldman* doctrine does not bar federal claims brought in federal court when a state court previously presented with the same claims declined to reach their merits." *Friends of Lake View Sch. Dist. Incorporation No. 25 of Phillips County v. Beebe,* 578 F.3d 753, 758 (8th Cir. 2009).  See also, 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4469.1 (2002) ("A decision not on the merits also does not oust federal jurisdiction to decide on the merits.").

In *Friends of Lake View*, plaintiffs briefed and submitted their federal claims to the state court, but the State Supreme Court "released jurisdiction and ordered its mandate to issue without addressing the federal claim on the merits."  The Eighth Circuit held that the state court's release of jurisdiction before it reached the federal claims "would seem to foreclose the defendants' argument that the *Rooker–Feldman* doctrine applies."  See also, *Gulla v. N. Strabane Tp.,* 146 F.3d 168, 173 (3d Cir. 1998 ("In light of this conclusion that the Gullas lacked standing to bring their suit, we conclude that the court did not issue an overarching decision on the merits of the Gullas' claims.  Moreover, even if this statement could be cast as an adjudication of the Gullas' federal claims, it could not invoke the *Rooker-Feldman* bar since the commentary on the merits followed a

8

conclusion that the Gullas' lacked standing."). The Eighth Circuit cited *Gulla* with approval in *Simes v. Huckabee,* 354 F.3d 823, 828 (8th Cir. 2004), holding that where the state court had dismissed plaintiffs for lack of jurisdiction, "*Rooker–Feldman* was inapplicable because the merits of the federal claims were not reached in the state court proceeding: Since [plaintiffs] could not obtain an adjudication of their claims in state court, they are not precluded from raising their constitutional claims in the federal forum." (Internal quotations redacted.).

Similarly, a state court's exercise of discretion to deny mandamus does not bar federal court jurisdiction under *Rooker-Feldman* because "federal plaintiffs cannot be said to have had a reasonable opportunity to raise their federal claims in state court where the state court declines to address those claims and rests its holding solely on state law." *Simes v. Huckabee*, 354 F.3d 823, 829 (8th Cir. 2004). "*Rooker* made it clear that the only constitutional questions arising from a state proceeding on which the Supreme Court considered itself to be the final arbiter, were those that actually arose in the cause in which a full hearing was held and where the judgment was responsive to the issues," *Simes,* at 829, concluding that "federal plaintiffs cannot be said to have had a reasonable opportunity to raise their federal claims in state court where the state court declines to address those claims and rests its holding solely on state law." *Simes at* 829. See, *Biddulph v. Mortham,* 89 F.3d 1491, 1495 (11th Cir. 1996), in which the Eleventh Circuit rejected *Rooker-Feldman* where plaintiff's Florida state court writ of mandamus was denied, because mandamus is not awarded as a matter of right but at the court's

9

discretion,[5] and that mandamus proceedings "did not afford Biddulph the kind of "reasonable opportunity" to raise his federal claim that would preclude our independent review of that claim." 89 F.3d at 1495.

A district court is not deprived of jurisdiction over every case in which a plaintiff seeks a result different from the one it obtained in state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 292, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). A "claim—particularly a claim under federal law—is not precluded if it is separable from and collateral to the merits of the state-court judgment." *Lemonds v. St. Louis County,* 222 F.3d 488, 493 (8th Cir. 2000). *Rooker–Feldman* does not bar a district court from exercising subject-matter jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court," because "[i]f a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1018 (8th Cir. 2011), citing *Exxon Mobile, Id.* at 293, 125 S.Ct. 1517. "If a federal plaintiff 'present[s][an] independent claim,' " it is not an impediment to the exercise of federal jurisdiction that the "same or a related question" was earlier aired between the parties in state court. *Skinner v. Switzer,* 131 S. Ct. 1289, 1291 (2011).

Since *Banks*' denial of the writ of mandamus expressly did not reach the merits of

---

[5] Similar to Florida, Missouri courts also hold that mandamus is not a writ of right and its denial is not necessarily the result of a ruling on the merits. *Norval v. Whitesell,* 605 S.W.2d 789, 791 (Mo. 1980)

Plaintiffs' federal claims, *Rooker-Feldman* is inapplicable, and Defendants' motion to dismiss should be denied.

        Respectfully submitted,

        **SCHWARTZ, HERMAN & DAVIDSON**

By:    /s/  Robert Herman
       Robert Herman, Bar No. 32376 MO
       8820 Ladue Road, Suite 201
       St. Louis, MO 63124
       Ph:  (314) 862-0200
       Fx:  (314) 862-3050
       bherman@laduelaw.com
       *Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served in PDF format via electronic mail on  February 6, 2014 , to the following:

| | |
|---|---|
| Chris Koster, Attorney General | Daniel J. Emerson |
| Robert J. Isaacson, Assistant Attorney General | Associate City Counselor |
| P.O. Box 861 | City Hall, Room 314 |
| St. Louis, Missouri 63188 | St. Louis, Missouri 63103 |
| Ph:  (314) 340-7861 | Ph:  (314) 622-3361 |
| Fx:  (314) 340-7029 | Fx:  (314) 622-4956 |
| robert.isaacson@ago.mo.gov | EmersonD@stlouis-mo.gov |
| *Attorneys for Defendants Slay, Gray, Irwin, Battle-Turner, and Switzer* | *Attorney for Defendants Slay, Green, and Jones* |

                                          By:  /s/  Robert Herman