UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL J. BANKS, et al.,               )
                                        )
      Plaintiffs,              )
                                        )
    vs.                               )          Case No. 4:13CV02158 ERW
                                        )
FRANCIS G. SLAY, et al.,                )
                                        )
      Defendants.              )

## MEMORANDUM AND ORDER

     This matter comes before the Court on the parties' separate Motions for Summary

Judgment. Defendants Francis Slay, an ex-officio member of the Saint Louis Board of Police

Commissioners, Richard Gray, Thomas Irwin, Bettye-Battle Turner, and Erwin Switzer,

(collectively, "Board Defendants") filed a Motion for Summary Judgment [ECF No. 53];

Defendants Francis Slay, in his official capacity as Mayor of Saint Louis; Tishaura Jones,

Treasurer of the City of Saint Louis, and Darlene Green, Comptroller of the City of Saint Louis

(collectively "City Defendants"); filed a Motion for Summary Judgment [ECF No. 56]; and

Plaintiffs Michael J. Banks ("Banks") and Antonia Rush-Banks ("Plaintiffs") also filed a Motion

for Summary Judgment [ECF No. 58].

## I. BACKGROUND

     The following account of the procedural history of this case is undisputed by the parties.

Plaintiffs are Michael J. Banks ("Banks") and his wife, Antonia Rush-Banks. Former St. Louis

City Police Officer Reginald Williams ("Williams") unlawfully arrested Banks, used false

statements to justify the arrest, displayed a gun against Banks, without cause, and stole $750.00 in

cash from Banks. Williams was convicted in federal court for his felonious acts against Banks, and

he was sentenced to serve a seventy-eight month prison term which was affirmed in *United States v. Williams,* 177 Fed. Appx. 513 (8th Cir. 2006). Plaintiffs filed a petition in the Circuit Court of the City of St. Louis on August 23, 2005 styled *Michael J. Banks v. Reginald Williams, et.al.,22052-08860* ("underlying case"). In their 42 U.S.C. § 1983 action in Circuit Court, Plaintiffs named as defendants Williams, as a police officer in his individual and official capacity, officer Ryan Cousins, in his personal and official capacity and the St. Louis Board of Police Commissioners, ("Board Defendants"), Bart Saracino, Michael Quinn, Joann Freeman Morrow and Chris Goodson in their official capacity. [ECF No. 54-3 at 1]. In response to the lawsuit, Williams did not file an answer or any other motion. [ECF No. 52 at ¶3]. An Assistant Attorney General[1] filed an answer to Plaintiffs' petition on behalf of Board Defendants, and on November 15, 2007, filed a motion for summary judgment for the same defendants. *Id.* at ¶ 4. Rather than responding to Board Defendants' motion for summary judgment, Plaintiffs voluntarily dismissed their petition against Board Defendants on June 16, 2008, without prejudice, leaving defaulted Williams as a defendant. *Id.* at ¶5. Thereafter, on August 19, 2008, Plaintiffs filed their First Amended Complaint naming police officer Williams and police officer Ryan Cousins as defendants. *Id.* at ¶6. Plaintiffs' claims against Cousins were later dismissed by Plaintiffs with prejudice. [ECF No. 54-2 at 12].

For their third petition, on January 22, 2009, Plaintiffs filed their Second Amended Petition naming solely police officer Williams as defendant in his personal and official capacity. [ECF No. 52 at ¶ 7]. Summons, accompanied by the Second Amended Petition, were served, by Plaintiffs, on individual Board Defendants on January 26, 2009, by serving a copy upon a legal assistant for the Board Defendants, who, it is admitted by the parties, was authorized to receive service of process

---

[1] No useful purpose is served by including the name of the assistant attorney general in this memorandum and opinion; the name is included in other court documents.

2

for the individual Board Members. *Id.* at ¶ 9. Again, no responsive pleading was filed on behalf of Williams in either his individual or official capacity. *Id.* at ¶10.

On April 3, 2009, a judge for the Circuit Court of the City of St. Louis entered an order, "Default and Inquiry," setting a hearing on April 27, 2009. Prior to that hearing, Plaintiffs' counsel sent a copy of that order to the Assistant Attorney General assigned to the case by e-mail. [ECF No. 54-5]. On April 27, 2009, a circuit judge conducted a hearing and entered judgment against Williams in his individual and official capacity in the amount of $1,487,553.49. [ECF Nos. 1-6, 52 at ¶ 15]. No attorney entered an appearance at the default hearing for either Williams or Board Defendants, notwithstanding the presence at the hearing of a separate Assistant Attorney General who remained silent and took no action on behalf of Board Defendants. [ECF No. 52 at ¶14]. The Missouri Attorney General was tasked with the duty to represent Board Defendants.

Plaintiffs now seek to enforce the judgment entered by default, against the City Defendants through a writ of mandamus. The Board Defendants represent the Saint Louis Board of Police Commissioners ("Police Board"), the entity for which Officer Williams worked. The City Defendants represent the City of Saint Louis, which, the parties agree, is the successor-in-interest in liability to the Police Board, based on a city ordinance, passed since the conclusion of underlying case. Id. at ¶¶ 16, 17.

Plaintiffs now seek to enforce the default judgment entered against Williams in his official capacity against the City Defendants, the successors in interest to the Board Defendants, who have refused to pay the judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper only if there exists "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. of Civ. Proc. 56(c); *Bores*

*v. Domino's Pizza, LLC*, 530 F3d 671, 674 (8th Cir. 2008). The burden of proof is on the party moving for summary judgment, and all facts and reasonable inferences are to be viewed in the light most-favorable to the non-moving party. *Duluth, Winnipeg and Pacific Ry. Co. v. City of Orr*, 529 F.3d 794, 797 (8th Cir. 2008). "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, 'the nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" *Burchett v. Target Corp.*, 340 F.3d 510, 516 (8th Cir. 2003) *quoting Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1107 (8th Cir. 1998).

Material facts are determined by substantive law, and factual disputes which are irrelevant or collateral do not preclude Summary Judgement. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986). A dispute is a genuine issue, where the evidence is such a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248. If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. Instead, the non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

4

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

## III. DISCUSSION

Plaintiffs argue summary judgment is appropriate because they hold a clear and valid judgment, entitling them to a writ of mandamus, ordering the City Comptroller to pay the judgment along with post-judgment interest of nine percent. [ECF No. 59]. City Defendants and Board Defendants argue Plaintiffs are not entitled to summary judgment as a matter of law, because their judgment is not valid, since Defendants in the underlying case did not receive proper notice, and therefore, Plaintiffs do not have a clear right to relief entitling them to a writ of mandamus. Further, Defendants argue post-judgment interest is not appropriate because interest was not awarded in the initial judgment. [ECF No. 53, 56].

### A. *Notice*

The primary issue in this case is whether Board Defendants had proper notice in the underlying case, to justify payment by the City of St. Louis for the judgment. The arguments regarding notice can be divided into two categories. First, Defendants argue Plaintiffs' course of conduct, in the underlying case, did not provide the notice required to establish an official capacity claim against the entity under *Brandon v. Holt*, 469 U.S. 464 (1985) and its progeny. Next, Defendants argue the holdings in *Brandon* and its progeny do not apply to the present case, because the present case is outside the ambit of the holding in *Brandon*.

"[The Supreme Court has] plainly implied that a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond." *Brandon*, 469 U.S. at 471-2; *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").Where a plaintiff sues a police officer in his official capacity, the plaintiff is "pleading an action against an entity of which the officer is an agent." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). If Defendants had proper notice of their case, judgment against Williams is a judgment against City Defendants.

### 1.   *Plaintiffs' course of conduct in the underlying case and its effect on notice*

The City Defendants and the Board Defendants in their current summary judgment motions argue Plaintiffs' course of conduct in the underlying case, after the Board Defendants filed for summary judgment, prevented the Board Defendants from receiving proper notice of the action against them as required in *Brandon*. Plaintiffs argue Officer Williams was properly served in his official capacity, the Board Defendants were properly served with process and all received the due notice for the default judgment hearing. Arguments surrounding Plaintiffs' course of conduct can be divided into four issues: (1) did Plaintiffs' filings after receiving the Board Defendants' summary judgment motion prevent Defendants from receiving proper notice; (2) whether Plaintiffs, in failing to include the service information on the petition for the initial Board Defendants, prevented proper notice; (3) whether Plaintiffs' counsel's e-mail caused any notice deficiency; and (4) did the City Defendants receive proper notice as an individual group of defendants.

6

i.   *Plaintiffs' filings after the filing of the summary judgment motion in the initial petition*

Defendants argue Plaintiffs' conduct, after the Board Defendants filed their summary judgment motion on the initial petition in the underlying suit, so obfuscated the proceedings, it prevented the Board Defendants from realizing proper notice had been served. Defendants also argue the summary judgment motion and the voluntary dismissal, together, had the effect of dismissing the claims against Officer Williams in his official capacity.

a.   *Obfuscation by conduct*

Defendants argue Plaintiffs' conduct, after Defendants filed their Motion for Summary Judgment on behalf of the individual board defendants, prevented the Board Defendants from gaining proper notice of the action. Defendants argue Plaintiffs' conduct seems to have been calculated to obfuscate the proceedings by: not similarly naming the parties in the second amended petition since they were identified in the initial petition, twice requesting an extension, and twice amending the petition. Defendants argue because of this obfuscation, they were so distanced from the initial petition, they were prevented from receiving proper notice. However, a plaintiff is the master of his own complaint, and is entitled to name the parties he desires. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). Defendants do not cite any precedent to support the suggestion Plaintiffs' extensions and amended petitions prevented notice, and extensions and amended complaints are hardly uncommon. It is, however, Plaintiffs' burden to show notice to Defendants was legally sufficient. *Morris v. Wallach*, 440 S.W.3d 571, 576 (Mo. Ct. App. 2014), *reh'g and/or transfer denied* (Sept. 22, 2014).

Defendants have taken care to emphasize all of the ways in which the procedures in the state case were not straight forward, or commonly recognized in advocacy practice. The Court will address whether the Plaintiffs acted properly under the law.

Plaintiffs dismissed the initial petition and the first amended petition without prejudice, allowing them to refile another petition. [ECF No. 52 ¶ 5]. While the second amended petition only named Officer Williams as a defendant, Plaintiffs properly served the second amended petition on the individual members of the Board, although individual members of the Board were not named defendants. *Id.* at ¶ 7. The petition, on its face, indicated it was against Officer Williams in his official capacity. [ECF No. 1-1].

Plaintiffs also argue, by properly serving the Board Defendants the second amended petition, if there were problems with notice in the prior petitions, any deficiencies were cured when the underlying Board Defendants were properly served the second amended petition. It is undisputed Plaintiffs properly served the Board Defendants the seconded amended petition. The Court rejects Defendants' argument Plaintiffs' conduct was calculated to obfuscate the proceedings and prevent Defendants from achieving proper notice.

> ### b. Effect of Plaintiffs' conduct on voluntarily dismissal of the official capacity claim against Officer Williams

The Court next addresses Defendants' argument concerning Plaintiffs' dismissal of the case against Officer Williams in his official capacity, when Plaintiffs responded to the summary judgment motion by voluntarily dismissing the initial petition, without prejudice, against the Board Defendants. Official capacity suits are the equivalent of a suit against the entity employing the official, and claims against officials in their official capacity are properly dismissed as redundant to the claim against the entity. *Artis v. Francis Howell N. Band Booster Ass'n, Inc.* 161 F. 3d 1178, 1182 (8th Cir. 1998); *see also Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Courts disfavor motions amending the pleadings only in response to avoid summary judgment. *Dueker v. Gill*, 175 S.W.3d 662, 672 (Mo. Ct. App. 2005). Nevertheless, Missouri courts have also found it would be more unfair to have inequitable rulings on partial summary

8

judgment motions, than to allow plaintiffs to voluntarily dismiss their case to avoid partial summary judgment. *State ex rel. Fortner v. Rolf*, 183 S.W.3d 249, 255 (Mo. Ct. App. 2005).

The Court generally agrees dismissal of a claim is not the favored response to a motion for summary judgment. Here, the Circuit Court permitted the dismissal of Plaintiffs' claims in their original petition, without prejudice, without responding to the Board Defendants' motion for summary judgment. That allowed Plaintiffs to restate their claims and caused the Board Defendants additional costs and possibly prevented the Board Defendants from getting judgment against Plaintiffs at the early stage of the judicial proceeding. The circuit court stands in no violation of state or federal law for its actions. What followed was elimination of duplicate claims against the Board Defendants and an eventual claim against the city in the present case for the actions of the police officer. Contrary to Defendants' arguments, Plaintiffs did not "effectively dismiss," with prejudice, their claims against Officer Williams in his official capacity and consequentially the claims against Defendants.

   ii.   *Service of Plaintiffs' second amended petition in the underlying case*

Defendants also argue Plaintiffs failed to properly serve the underlying Board Defendants because the second amended petition did not contain names and service information for the individual members of the Board of Police Commissioners, thus, depriving them of the proper notice required under *Brandon*.

"Service of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action*." Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). Therefore, where service is improper, courts lack jurisdiction. *Printed Media Servs., Inc. v. Solna Web, Inc.,* 11 F.3d 838, 843 (8th Cir. 1993). "Insufficient service is a proper basis for voiding an entry of default *sua sponte* because it deprives a court of

proper jurisdiction." *Cambria Co., LLC v. Pental Granite & Marble, Inc.,* CIV. 12–228, 2013 WL 1249216, at *9 (D. Minn. Mar. 27, 2013) (citing *Printed Media Services,* 11 F.3d at 843). "In regard to notice, the general rule is that notice to, or knowledge of, an agent while acting within the scope of his authority and with regard to any business over which his authority reaches, is notice to, or knowledge of, the principal." *Fitzgerald v. State ex rel. Adamson*, 987 S.W.2d 534, 536 (Mo. Ct. App. 1999).

It is undisputed Plaintiffs properly served the initial petition and the second amended petition on the individual members of the Police Board. [ECF No. 52 ¶ 1-7]. Defendants argue not providing service information in the petition, and not naming Defendants, with their individual names, on the petition, prevented the underlying Board Defendants from realizing proper notice from the second amended petition. The Court cannot find any authority, nor do Defendants cite any authority, which requires Plaintiffs to provide this information in the petition. As noted, Board Defendants stipulated they were served with the second amended petition. The initial petition and the second amended petition clearly state a claim was being made against Officer Williams in his official capacity, giving Defendants required notice.

Plaintiffs took the necessary steps to serve the Board Defendants in the circuit court case. Defendants' contention Plaintiffs were legally required to specifically provide the Board Defendants' service information and names of Board Defendants in the second amended petition is without authority. The second amended petition was properly served, and failure to include the proper service information and names of Board Defendants does not nullify the judgment.

### iii.  *Plaintiffs' counsel's e-mail to underlying Defendants' counsel in regards to the Default Hearing*

Defendants also argue Plaintiffs' counsel's e-mail to the Assistant Attorney General, Defendants' former counsel, had the effect of negating notice. The argument is there was no

notice, but if there was it was negated. Plaintiffs' counsel e-mailed the Assistant Attorney General, with a subject line of the cause number of the underlying case, informing him of the "default and inquiry,"[2] attaching the "default and inquiry," and thanking him for his cooperation in the prior matter. [ECF No. 1-5]. Defendants argue this e-mail prevented Defendants from realizing proper notice, because this is not the type of communication adversarial lawyers send to each other.

The Assistant Attorney General never entered an appearance for Officer Williams in his official capacity, notwithstanding he received notice of the default hearing. Service was proper in this case, and the addition of this e-mail message does not detract from the legality of the stipulated service of process. The following is the text from the body of the e-mail:

> "Attached is a copy of a Default and Inquiry in the above-referenced mater, which is set for April, 27, 2009 at 9:00 a.m. in Division 2 of the St. Louis City Circuit Court. This is being provided to you as a courtesy, and you are invited to attend.
>
> We also want to thank you for your cooperation in the prior matter. Should you have any questions, please do not hesitate to contact me."

[ECF No. 1-5]. The only manner in which the Court could interpret the e-mail as being deceitful, is to interpret the phrase "prior matter," to indicate this is a new case. However, such an interpretation is unreasonable because the cause number is in the subject line, and the attached default and inquiry, which clearly lists the party as Officer Williams in his individual and official capacities.

This e-mail was sent in addition to proper notification, was not deceitful or confusing, and contained the notice as an attachment. This e-mail did not negate any notice provided to Defendants, and Defendants had proper notice of the default hearing. Nothing the Court has stated

---

[2] The Court has done a search for the definition of "default and inquiry" and it appears the language is commonly used in the circuit court. The "default and inquiry" served as notice of default sent to the Board Defendants, providing notice for the determination of damages. *State ex rel. Aubuchon v. Jones*, 389 S.W.2d 854, 859 (Mo. Ct. App. 1965); Mo. Rev. Stat. §511.110.

in regard to the e-mail should be interpreted as an option for service of process or an enhancement to service of process.

> ### iv.  The City Defendants' notice requirement as an individual group of defendants

The City Defendants independently argue they never received proper notice because they were not properly served with any petition in the underlying case, as the Mayor of the City of Saint Louis was only served in his capacity as a member of the Police Board, and never in his role as the Mayor of the City of Saint Louis. The City Defendants contend because they were not served, it does not meet the notice requirement in *Brandon*.

The City Defendants were not served in the underlying case because they were not defendants in that case. City Defendants are only parties in this action because they are a successor-in-interest to the Board Defendants. Courts have found that corporations acquiring an interest in property are bound to subsequent or prior judgments against that property, despite a lack of knowledge. *Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 179 (1973). While, the Court recognizes the City Defendants are not successor corporations, the Court uses this analyses as persuasive authority the City of Saint Louis is similarly bound. Further, City Defendants, in the statement of uncontroverted facts, admit they are a successor-in-interest to the initial defendants, through Saint Louis City Ordinance 69489. [ECF No. 52 ¶ 17, No. 52-5].

The City Defendants are correct in finding they were never served in the underlying case. However, the City Defendants were not the party-in-interest in the underlying case, and are merely successors-in-interest to the initial judgment. Therefore, it is not relevant the City Defendants were not properly served, because the proper notice inquiry is only pertinent to the defendants in the underlying case.

### v.   *Conclusion regarding Plaintiffs' course of conduct*

Plaintiffs' course of conduct did not deprive Defendants of the notice required under *Brandon*. Further, Plaintiffs' filings did not have the effect of dismissing the claim. Plaintiffs properly served Defendants the second amended petition, thus, providing proper notice; their other procedural filings did nothing to nullify this notice. Plaintiffs' counsel's e-mail did not abrogate the notice of default. While Board Defendants argue they had no notice of the hearing, an attorney from the governmental entity representing the underlying Board Defendants attended the hearing, and they were served with the petition and notice of the default. They also received notice to their counsel by Plaintiffs' counsel, and on the front page of the seconded amended petition, Plaintiffs stated they were bringing an official capacity claim. Finally, while the City Defendants were not served in the underlying case, they are the successors-in-liability to the Board Defendants. Plaintiffs' course of conduct did not prevent the defendants in the underlying case from receiving proper notice.

### 2.   *The applicability of Brandon v. Holt and its progeny*

Defendants also argue this case is outside of the ambit of the holdings of *Brandon v. Holt,* 469 U.S. 464 (1985), and its progeny. That case held a judgment against an official in his official capacity imposes liability on the entity. Defendants argue this case is not within the ambit of *Brandon*, because: the pleadings, in *Brandon,* were amended to conform to offers of proof and in summary judgment motions, *Brandon* plaintiffs' claim was against the City of Memphis and the primary defendant had policy-making authority, and Plaintiffs did not name the individual board members as defendants.

A closer look at *Brandon v. Holt,* 469 U.S. 464 (1985) is prudent. There, petitioners brought suit against Memphis police officer Robert J. Allen, who had a history of violent and

irregular behavior well known to the Memphis Police Department. E. Winslow Chapman was Director of the Memphis Police Department when Allen attacked petitioners, who subsequently sought damages against Allen and Chapman. When Allen did not defend the action, default judgment was entered against him for compensatory and punitive damages. The award against Chapman was limited to compensatory damages. The district court found liability of Chapman was in his official capacity. The district court summarized, "This is a civil action against the Honorable E. Winslow Chapman in his official capacity as director of the Memphis Police Department and former Memphis Police Officer Robert J. Allen." *Id.* at 468.

Justice Stevens, writing for the Supreme Court, noted the petition in *Brandon* was filed before *Monell v. New York City Department of Social Services,* 436 U.S. 658, which overruled *Monroe v. Pape*, 365 U.S. 167 (1961) and held "this explains why the city of Memphis was not named as a defendant in this case. The timing of the complaint may also explain why petitioners did not expressly allege at the outset of the litigation that they were suing Chapman in his official capacity as Director of Police of the Memphis Police Department." *Brandon*, 469 U.S. at 469. Justice Stevens stated, "The course of the proceedings after *Monell* was decided did, however, make it abundantly clear that the action against Chapman was in his official capacity and only in that capacity." *Id. a*t 469. Justice Stevens stated, "Given this state of the record, even at this late stage of the proceedings, petitioners are allowed to amend their proceedings to conform to the proof and to the District Court's findings of facts." *Id. a*t 471. He concluded, "it is appropriate for us to proceed to decide the legal issues without first insisting that such a formal amendment be filed; this is because we regard the record as plainly identifying petitioners' claim for damages as one that is asserted against the office of 'Director of Police, City of Memphis,' rather than against the particular individual who occupied that office when the claim arose. *Id.*

14

The plain language of the opinion leaves no doubt, "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond." *Id.* at 471-472.In a footnote concerning the opportunity to respond, this very important language is cited: "Here, the Police Department and the City received notice; no claim is made that the Director of Police and the city were without due notice of the proceedings." *Id.* at 472-473, n 20.

The following language from *Brandon* concludes, "In *Monell,* the City of New York was not itself expressly named as a defendant. The suit was nominally against the city's Department of Social Services, but that Department had no greater separate identity from the city than did the Director of the Department when he was acting in his official capacity. For the purpose of evaluating the city's potential liability under § 1983, our opinion clearly equated the actions of the Director of the Department in his official capacity with the actions of the city itself." *Id.* at 472.

### i.   *Defendants' claim of Plaintiffs' deficient pleadings*

The Board Defendants argue this case is outside of the ambit of the *Brandon* holding because Plaintiffs did not clarify their pleadings. The *Brandon* plaintiffs were allowed to amend their pleadings to conform to offers of proof, because, while they did not expressly allege they were suing the director in his official capacity, the course of proceedings made it clear the action was against him in his official capacity. *Brandon* 469 U.S. at 471. Further, in response to the defendants' motion for summary judgment, the plaintiffs clarified they intended to make a claim against the City of Memphis. *Id.* at 471.

Here, Defendants argue this lack of clarification prevents the Court from applying *Brandon's* holding because Plaintiffs voluntarily dismissed the initial petition and obfuscated the proceedings as opposed to clarifying them. While Defendants are correct, Plaintiffs dismissed

15

Board Defendants upon their filing of a summary judgment motion, Plaintiffs never dismissed Officer Williams; Plaintiffs voluntarily dismissed all of the parties who had filed summary judgment against them. The initial petition was properly dismissed, without prejudice.

Plaintiffs have always maintained a claim against Officer Williams in his official capacity, so there can be no doubt about the identity of the real party-in-interest. Defendants do not point to a single attempt they made to seek clarification, after being served with the second amended petition. Finally, the situation of the *Brandon* plaintiffs no longer exists because the holdings in *Monell*[3] and *Brandon* make clear, a claim against a municipal entity can be made by suing an official in their official capacity. Plaintiffs, like the plaintiffs in *Brandon*, were not actively trying to conceal their intent, and their intent did not need to be clarified because of the holding in *Brandon*.

Therefore, the differences between the *Brandon* plaintiffs and the present Plaintiffs' efforts to clarify their pleadings do not prevent the Court from applying the holding of *Brandon*. Here, Plaintiffs have received a judgment against a public servant in his official capacity, public officials were provided notice and the opportunity to respond, and therefore, it is appropriate to impose liability on the entity the official represents.

   *ii.  Officer Williams lack of policy making authority*

Defendants also seek to distinguish *Brandon*, because the primary defendant in *Brandon* was the director of police, an official with policy making authority, and here, Officer Williams had no policy making authority. Defendants argue because this important issue has not been considered by a court on the merits, Plaintiffs' judgment against the City of St. Louis is inappropriate. [ECF No. 57 at 4]. Plaintiffs contend the judgment was against Officer Williams, §1983 suits are

---

[3] *Monell* held that local government officials sued in their official capacity are "persons" under §1983 in cases in which the local official violated an official act policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

assumed to be against officials in their official capacity, and the Court should not give credence to a mistaken understanding of the law by Defendants.

In a §1983 action, where a plaintiff's complaint is silent about whether she is suing an individual official in their official or individual capacity, the complaint is assumed to be an official capacity claim. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Murphy v. State of Ark.*, 127 F.3d 750, 755 (8th Cir. 1997). "The real party in interest in an official capacity suit is the State." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Plaintiffs also argue the underlying judgment is immune from Defendants' collateral attacks, and Defendants' Motions for Summary Judgment should be denied on this alone. "The law is clear that a court's order or judgment is immune from collateral attack if the court had jurisdiction of the parties and of the subject matter, and had the jurisdiction to enter the particular order entered." *Todd v. Garrison*, 417 F. Supp. 97, 101 (E.D. Mo. 1976), *aff'd*, 553 F.2d 103 (8th Cir. 1977) (citing *Pearson v. Pearson*, 369 S.W.2d 272 (Mo.App.1963)); *Rodewald v. Rodewald*, 297 S.W.2d 536 (Mo.1957).

> "If a judgment is to be impeached for infirmities not appearing upon the face of the record, it must be reached by some direct proceeding, and the Supreme Court of Missouri has held that an assault in equity upon a judgment or decree procured by fraud is a direct attack, but as we are of the view that this action should be construed to be an action at law this rule cannot be invoked. If, however, the judgment is void upon its face, then it may be attacked collaterally in an action at law."

*State of Missouri ex rel. & to Use of Stormfeltz v. Title Guar. & Sur. Co.*, 72 F.2d 595, 598 (8th Cir. 1934).

Defendants make a merit-based argument in arguing this Court should address Officer Williams' lack of policy-making authority. This argument on Officer Williams' lack of policy

making authority is an improper collateral attack because it attacks a possible error in legal judgment, and does not relate to notice. This is a prohibited merit-based argument, not an attack on jurisdiction, and therefore, Defendants will not prevail on this argument.

Defendants also argue Officer Williams's lack of policy making authority prevented Defendants from receiving proper notice, and this is not a prohibited collateral attack. There are multiple methods for a government entity to become liable which do not require the official to have policy making authority. *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (finding plaintiffs can prove liability under §1983 by showing an action pursuant to a decision of government's lawmakers, the acts of its policymaking officials, or a practice so widespread as to practically have the force of law caused their injury). Defendants do not cite any authority which supports their argument notice was prevented by not naming a policy making official. For these reasons, the Court disagrees with Defendants' contentions and finding Defendants are liable, notwithstanding Officer Williams is not a policy making official.

> iii. *Defendants' allege Plaintiffs, in not naming the individual members of the Police Board in their Second Amended Petition, prevented Defendants from receiving proper notice*

Defendants argue Plaintiffs' failure to name the individual members of the Police Board as defendants prevented Plaintiffs from receiving proper notice of the action against them.  Plaintiffs contend *Best v. Schoemehl*, 652 S.W.2d 740, 741-742 (Mo. Ct. App. 1983), has no application to this case and is inapplicable after the Supreme Court's holdings in *Brandon* and *Graham*. [ECF No. 64 at 10-11].

> a. *Defendants aver individual members should have been named in the second amended complaint because of the holdings in Brandon and Monell*

Defendants argue this case is outside the holding in *Brandon* because *Monell* is now clearly established law. Therefore, Plaintiffs should have named the Police Board Commissioners as

defendants. Plaintiffs point out the multiple cases since *Brandon*, holding a case against an official in his official capacity is an action against the entity itself. [ECF No. 59 at 6-9]. Defendants assert none of the cases Plaintiffs cited involve the collection of judgments or the obfuscation which has occurred in this case.

Official capacity suits represent an alternative way of pleading an action against an entity of which the officer is an agent. *Monell,* 436 U.S. at 691. "As a judgment against a public servant in his individual capacity exposes him or her to compensatory and punitive damages, we have repeatedly stated that section 1983 litigants wishing to sue government agents in both capacities should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'" *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) (quoting *Rollins by Agosta v. Farmer,* 731 F.2d 533, 536 n. 3 (8th Cir.1984)); *see also Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007).

Defendants do not challenge the holdings in *Monell* or *Brandon*, but argue this case is outside of the ambit of such holdings because the underlying Board Defendants were not named in the underlying case. *Brandon* was filed before the Supreme Court's decision in *Monell*, and the Supreme Court recognized this as a factor as to why the *Brandon* plaintiffs had difficulty in determining the proper party to be named in the suit. *Brandon*, 469 U.S. at 470. In *Brandon*, the Court determined it was an action against the City of Memphis, despite the complaint being improperly filed. Further, courts have held pleading an action against an officer in their official capacity is acceptable even if the governmental entity was not named. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

The Supreme Court has considered the issue of claimed ambiguous pleadings. The *Hafer* Court's willingness to permit the suit to go forward without specific pleading allegations suggests

rigid pleading formulas are not required. *1 Section 1983 Litigation in State Courts* § 12:5; *Hafer v. Melo,* 502 U.S. 21, 24 n* (1991).

Defendants argue the Court should institute a rule when a Plaintiff sues a person in their official capacity, they must also sue the entity itself. However, there is no precedent to support this rule. The Court rejects Defendants' argument in light of the presumption a §1983 action against an individual is presumed to be against someone in their official capacity, and because the Supreme Court has not instituted such a requirement, notwithstanding multiple opportunities to do so.

Plaintiffs' second amended petition clearly contains the language from *Nix,* intended to provide notice to the Board Defendants, and was properly served to the Board Defendants. The petition states it was an official capacity claim. A ruling concluding Defendants did not have proper notice is contrary to law and would allow Defendants to unjustly avoid their liability.

> b.  *Defendants' claim individual members of the Police Board should have been named pursuant to Best v. Schoemehl*

The Board Defendants in their Motion for Summary Judgment argue the second amended petition does not follow the holding of *Best v. Schoemehl*, a Missouri case holding the Police Board can only be sued by suing the individual members of the Board in their official capacities. *Best v. Schoemehl*, 652 S.W.2d 740, 741-742 (Mo. Ct. App. 1983). Plaintiffs argue *Best* is not applicable to the present case because *Best* is not a §1983 action, and does not involve a suit against a police officer in her official capacity.

In *Best*, the plaintiff brought an action against the individual members of the Police Board in their official capacities. The action was brought against the City of Saint Louis, and others, for injuries sustained in a vehicular collision allegedly caused by a negligent unknown police officer. *Id.* at 741-742. The appellate court reversed the circuit court and held the only method to bring

claims against the Police Board was to bring an official capacity suit against each of the individual

members. *Id*. at 741-742. The court found:

> "It has long been established that the St. Louis Board of Police Commissioners
> may only be sued by bringing an action against the individual members of the
> Board in their official capacity. An action against the 'St. Louis Board of Police
> Commissioners' in that name alone does not lie. *American Fire Alarm Co. v.
> Board of Police Commissioners*, 285 Mo. 581, 227 S.W. 114 (Mo.1920).
>
> Here, the individuals comprising the Board of Police Commissioners have been
> named as defendants in their official capacity. This is not an attempt to hold the
> Commissioners individually liable, but is the only method to properly bring the
> St. Louis Board of Police Commissioners before the Court."

*Id*. at 742. The court in *Best* cites *American Fire Alarm Co. v. Board of Police*, to support a

plaintiff's recourse against the Police Board is achieved through naming the individual members of

the Police Board, when the real party in the complaint was the board itself. *Id*. However, *Monell*,

*Brandon*, and *Graham* were decided after *Best*. Now, the police board may become the party-in-

interest without being named itself, or without the individual members of the Police Board being

named. *Johnson v. Bd. of Police Comm'rs*, 370 F. Supp. 2d 892, 898 (E.D. Mo. 2005) (finding

claims against the Police Board and a Police Commander in her official capacity were duplicitous

claims, but that alone did not require dismissal); *see also Beene v. City of St. Louis, Mo.*, No.

4:09CV0651 TCM, 2009 WL 5103268, at *3 (E.D. Mo. Dec. 17, 2009) (determining arguments of

police officials were the same as the arguments of the board members).

However, the Eighth Circuit has cited *Best*, to support the proposition, the Police Board

must be sued by suing its individual members. *Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir.

1988). The case comes after the decisions of *Brandon* and *Graham*. The Court will address this

case, even though the parties did not.

> "The St. Louis Board of Police Commissioners is not a suable entity. 'Jurisdiction
> can only be obtained by suing its individual members.' *Lawrence v. Board of
> Police Comm'rs,* 604 F.Supp. 1229, 1232 (E.D.Mo.1985). *See also Best v.
> Schoemehl,* 652 S.W.2d 740, 742 (Mo.Ct.App.1983) ("An action against the 'St.

21

> Louis Board of Police Commissioners' in that name alone does not lie."). The district court therefore properly dismissed plaintiff's cause of action as against the "St. Louis Board of Police Commissioners."

*Baer*, 863 F.2d at 609. In *Baer*, plaintiff brought an action against the Police Board and the individual officers. The Eighth Circuit cited *Best* to support the concept suits cannot be brought against the Police Board, as an entity without naming the individual members. It did not address the issue of official liability through an officer. Further, *Lawrence*, which the Eighth Circuit also cites for support, found a person cannot sue the Police Board as a separate entity, but must sue its individual members. *Lawrence*, 604 F.Supp. at 1232. There is nothing to suggest the Eighth Circuit intended to make a determinative ruling the Police Board may only be sued by suing the individual members. It stressed the Police Board, by itself, is not a suable entity. Neither *Best* nor *Baer* are authority the Police Board may not be sued by naming a police officer in his official capacity without naming the individual members of the Police Board.

> ### iv.  Conclusion on the scope of the Brandon v. Holt holding

The Court has considered multiple arguments from Defendants *Brandon v. Holt* does not apply in this case. The Court determined, although the *Brandon* pleadings were clarified in summary judgment and the petition was amended to conform to the offers of proof, it does not prevent the holding of *Brandon* from applying in this case. Further, the Court found it was not a requirement for Officer Williams to be a policy-making official; his lack of policy making authority did not prevent proper notice, and other merit-based arguments on this topic would be a collateral attack. Finally, the Court found the judgment was appropriate without individual members of the Police Commissioner Board being named as individual defendants in the Second Amended Complaint. The Court found service of process was lawful to all of the individual board members under the unique facts of this case.

B. *Writ of Mandamus*

Plaintiffs argue they are entitled to a writ of mandamus to enforce their judgment, which the City of Saint Louis refuses to pay. [ECF No. 59 at 11]. Defendants argue Plaintiffs are not entitled to a writ of mandamus because Plaintiffs do not have a clear, unequivocal right to relief due to the many problems with notice in the underlying judgment. [ECF Nos. 54 at 9-10, 62 at 9-10, 67 at 4-5]. Further, Board Defendants specifically argue Plaintiffs are no longer requesting a writ of mandamus against the Board Defendants on their summary judgment motion, and as such these claims should be dismissed as moot. [ECF No. 62 at 9].

Under Federal Rule of Civil Procedure Rule 69, a money judgment is enforced by writ of execution, and the procedure on execution must be in accord of the state where the court is located.[4] Mandamus is the appropriate procedure to seek enforcement of a judgment debt from a public entity. *State ex rel. Hermitage R-IV Sch. Dist. v. Hickory Cty. R-I Sch. Dist.*, 558 S.W.2d 667, 669 (Mo. 1977).

Under Missouri law, a writ of mandamus may enforce a legal right which has already been established. *State ex rel. Brentwood Sch. Dist. v. State Tax Comm'n*, 589 S.W.2d 613, 614 (Mo. 1979). Writs of mandamus are not to be utilized to create new rights, but only to establish or enforce a right which already exists. *St. Louis Police Officers' Ass'n v. Sayad*, 685 S.W.2d 913, 916 (Mo. Ct. App. 1984). "The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform." *Furlong Companies, Inc. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. 2006). "A litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed. He must show himself possessed of a clear and legal right to the remedy." *Id.* at 166.

---

[4] Since Plaintiffs seek a money judgment enforced by a writ of execution, the Court will apply Missouri law on the proper procedure for an execution of the judgment.

Defendants also highlight Plaintiffs sought nearly identical relief in the Missouri courts and were denied. In *Banks v. Slay*, 410 S.W.3d 767 (Mo. Ct. App. 2013), the Missouri Court of Appeals denied the same relief Plaintiffs requested be entered by a writ of mandamus. The Missouri Court of Appeals determined Plaintiffs were not entitled to a writ of mandamus because they did not have a clear and unequivocal right to their judgment, because Defendants were not provided sufficient notice under *Brandon*; the State Court found *Brandon* was distinguishable because the *Brandon* plaintiffs brought claims against the police director, where the underlying case only made allegations based on Officer Williams's individual actions; there was no discussion of qualified immunity; and finally, the state court found, by failing to name the individual Police Board members as named defendants, it prevented the parties from receiving proper notice. The Missouri Court of Appeals found these distinctions prevented the type of proper notice as required in *Brandon*. *Id.* at 769-771. The Eighth Circuit determined this Court maintains subject matter jurisdiction over this case because Plaintiffs are not seeking to overturn an injurious-state judgment, nor are there pending proceedings in state court. *Banks v. Slay*, 789 F.3d 919, 923 (8th Cir. 2015).

For the Court to enter a writ of mandamus against Defendants, Plaintiffs need to establish a clear and unequivocal right for relief. Plaintiffs must also prove the payment of debt is a ministerial duty Defendants are refusing to pay, which Defendants do not dispute. Defendants argue the Court should not enter a writ of mandamus, because Defendants lacked notice of the default judgment and the Missouri Court of Appeals, when faced with the same facts, did not grant relief. The Court has already conclusively concluded Plaintiffs provided proper and due legal notice to Defendants, *supra*, and the Court need not repeat its findings, here. Further, the Court has already addressed each argument presented by Defendants, which often mirrored the Missouri

24

Court of Appeals opinion, and the Court has rejected them, in finding the Board Defendants had notice. Plaintiffs have shown they have a clear and unequivocal right to relief. Plaintiffs have established they have a valid state court judgment, which the Defendants refuse to pay. Therefore, Plaintiffs are entitled to a writ of mandamus enforcing said judgment, against the City Defendants.

The Board Defendants assert Plaintiffs do not request a writ of mandamus against the Board Defendants because Plaintiffs, in their summary judgment motion, only requested a writ of mandamus against City Defendants.[5] As the parties have now agreed, because the City Defendants are the successors-in-interest to the Board Defendants, it is no longer appropriate for a writ of mandamus to be entered against the Board Defendants. Therefore, the Court will deny the motion for Summary Judgment as moot as it relates to the Board Defendants, denying any writ of mandamus as to them, specifically. The Court will issue a writ of mandamus against the City Defendants.

### C.  Post-Judgment Interest

Plaintiffs also request post-judgment interest on the underlying judgment, asserting they have a non-tort judgment and interest is required at the statutory rate of nine percent per year. [ECF No. 75 at 7-8]. Defendants disagree, and argue interest is not payable unless it is included in the judgment, and the underlying judgment does not provide for interest. Further, Defendants argue even if the Court wanted to impose interest, it should provide interest at the statutory rate for tort actions which is the federal rate plus five percent per annum. [ECF Nos. 67 at 5, 62 at 9].

The original underlying judgment did not contain an award of interest, nor does it mention interest. [ECF No. 60-1]. Under Missouri law,

---

[5] The Court is aware City Defendants and Board Defendants assert different arguments as to issuing a writ of mandamus. The City Defendants allege they did not have proper notice, because they were not part of the underlying case because they were successors-in-interest. The Board Defendants allege Plaintiffs no longer seek a writ of mandamus against them, because they have been succeeded-in-interest.

> In all nontort actions, interest shall be allowed on all money due upon any judgment or order of any court from the date judgment is entered by the trial court until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.

Mo. Rev. Stat. § 408.040.02. An award of post-judgment interest, even though mandated by statute, must be included in the original judgment or in a timely amendment to that judgment. *Peterson v. Discover Prop. & Cas. Ins. Co.*, 460 S.W.3d 393, 413 (Mo. Ct. App. 2015) (citing *McGuire v. Kenoma, LLC*, 447 S.W.3d 659, 666–67 (Mo. 2014)).

Plaintiffs seek to distinguish these cases and the present case by asserting both *Peterson* and *McGuire* involved judgments for tort damages, as opposed to non-tort damages, and there is no statutory requirement for the judgment rate to be entered in a non-tort judgment. Plaintiffs cite *Laughlin v. Boatmen's National Bank of St. Louis* for the proposition the judgment need not include the interest rate itself, because the interest rate is a result of the statute and it is not necessary to recite it. *Laughlin v. Boatmen's National Bank of St. Louis*, 189 S.W.2d 974, 980 (Mo. 1945). The court in *McGuire* concluded, even though the trial court should have included the award of post-judgment interest in its original judgment, and there was no evidence in the record discussing the trial court's intent to set an interest rate, the trial court was incorrect in issuing a nunc pro tunc judgment[6] because the retroactive inclusion of such a judgment substantially changed the judgment. *McGuire*, 447 S.W.3d at 667. This case cannot be distinguished between the tort and non-tort nature of the action, because the court in *McGuire* concluded post-judgment interest should have been included. As a result, it does not matter in this case whether the judgment was in tort or in a non-tort action, because even where the judgment was appropriate, interest was

---

[6] A nunc pro tunc judgment is "entered on a day after the time when it should have been entered, replacing that entered on the earlier date; specif., a procedural device by which the record of a judgment is amended to accord with what the judge actually said and did, so that the record will be accurate." JUDGMENT, Black's Law Dictionary (10th ed. 2014).

still not allowed because it substantially changed the nature of the judgment. The distinction Plaintiffs attempt to make is non-existent, and the Court will apply *McGuire* and its progeny. Thus, the Court finds post-judgment interest is inapplicable at this time, and denies Plaintiffs' attempt to include post-judgment interest.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiffs' Motion for Summary Judgment is hereby GRANTED in PART and DENIED in part. [ECF No. 58];

**IT IS FURTHER ORDERED** Plaintiffs' judgment against Officer Williams in his official Capacity is a judgment against the City Defendants;

**IT IS FURTHER ORDERED** City of Saint Louis is not required to pay post-judgment interest. [ECF No. 49-13];

**IT IS FURTHER ORDERED** a writ of mandamus be directed to Darlene Green, Comptroller of the City of Saint Louis, ordering her to pay the Judgment of $1,487,553.49 to Plaintiffs.

**IT IS FURTHER ORDERED** Defendants Bettye Battle-Turner, Richard Gray, Thomas Irwin, Francis G. Slay, and Erwin O. Switzer's Motion for Summary Judgment [ECF No. 53] is DENIED;

**IT IS FURTHER ORDERED** that Defendants Darlene Green, Tishaura O. Jones, and Francis G. Slay's Motion for Summary Judgment [ECF No. 56] is DENIED.

So Ordered this 25th Day of July, 2016.

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**