UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL J. BANKS, et al.,           )
                                    )
          Plaintiffs,               )
                                    )        Case No. 4:13CV02158ERW
v.                                  )
                                    )
FRANCIS G. SLAY, et al.,            )
                                    )
          Defendants.               )

## DEFENDANTS' JOINT MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

Defendants Francis G. Slay, in his official capacity as Mayor of St. Louis, and as ex-officio member of the St. Louis Board of Police Commissioners, Tishaura Jones, Treasurer of the City of St. Louis, Darlene Green, Comptroller of the City of St. Louis, Richard Gray, Thomas Irwin, Bettye–Battle Turner, and Erwin O. Switzer, by and through counsel, hereby submit this Joint Memorandum in Opposition to Plaintiffs' Motion for Award of Attorneys' Fees and Litigation Expenses. ("Plaintiffs' submission").

## Factual Background

Plaintiffs filed their Complaint in the instant cause on October 28, 2013. Defendants each filed motions to dismiss, which the Court granted. Plaintiffs appealed that judgment and the Eighth Circuit Court of Appeals

reversed and remanded for further proceedings.

The parties conducted no discovery other than submitting initial disclosures, and ultimately filed a short Joint Stipulation of Facts. The parties each filed motions for summary judgment based upon the facts agreed to in their joint stipulation. The Court granted Plaintiffs' Motion for Summary Judgment on July 25, 2016. On August 9, 2016, Plaintiffs filed their Joint Motion for Award of Attorneys' Fees and Litigation Expenses seeking attorneys' fees of $245,030.00 based upon approximately 750 hours of billed time and itemized expenses of $161.00.

## **ARGUMENT**

### A.    Introduction

42 U.S.C. §1988 authorizes district courts to award a reasonable attorneys' fee to prevailing parties in civil rights litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. *Id.* at 433. Thus, this Court must undertake a two-part inquiry to determine whether the fee requested by Plaintiffs is reasonable: (1) whether the number of hours Plaintiffs' attorneys expended is reasonable; and (2) whether the rates charged by Plaintiffs' attorneys are reasonable. *Id.* Plaintiffs bear the burden of establishing entitlement to the award and

documenting the appropriate hours expended and hourly rates. *Fish v. St. Cloud State Univ.,* 295 F.3d 849, 851 (8th Cir. 2002); *Planned Parenthood Minnesota v. Rounds*, 2006 WL 1889163, *1 (D. Minn. 2006). In the instant case, that inquiry leads to the inescapable conclusion that Plaintiffs' request with regard to both rates and the hours expended is excessive. Accordingly, the Court should significantly reduce Plaintiffs' request as per the analysis below.

### A.    **Hours not reasonably expended**

The Court should exclude a substantial number of hours sought for payment by Plaintiffs as Plaintiffs' submission seeks payment for research and drafting which was excessive. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary. *Hensley*, 461 U.S. at 434. The district court should also exclude from this initial fee calculation hours that were not reasonably expended. *Id.* In the instant case, the issue is made significantly harder as many of the billing entries do not describe how long any particular activity took, but rather combine activities into one, which can justify a reduction in Plaintiffs' hourly request. *Welch v. Metropolitan Life Ins. Co.* 480 F.3d 942, 945, n.2 (9th Cir. 2007).

First, it should be noted that the case was very simple factually as the parties did not conduct any discovery other than providing initial disclosures.

3

In fact, the parties ultimately filed a Joint Stipulation of Facts which provided the factual basis for each of the parties' summary judgment motions that was a mere six pages in length and contained only 17 paragraphs. (#55). In addition, the legal issues in the case were not more complex than other civil rights cases, which is borne out by the relative brevity of the parties' summary judgment submissions and the Court's order in this regard. [1]

Nonetheless, Plaintiffs seek approximately 720 hours of attorney time and 30 hours of clerk time to litigate this case, which is excessive. Despite the lack of specificity in the billing entries, the excessive nature of the time spent by Plaintiffs' counsel can be discerned by an examination of the billing entries and two other cases in this Court, which are described below.

1. ***Snider v. City of Cape Girardeau***

This case involved a §1983 action alleging that the Plaintiff's arrest for violating the Missouri statute prohibiting flag desecration violated his constitutional rights. *Snider,* 752 F.3d at 1149. The plaintiff was represented in the case by Anthony Rothert and Grant Doty. *Id.* The Court found both the arrest and the statute at issue to be unconstitutional and entered a

---

[1] The Court's order in this case disposing of three motions for summary judgment was 18 pages. In contrast, in another civil rights case decided by this Court, *Rohrbough v. Hall, et al.,* 4:07CV996 ERW, discussed further below, the Court's order with regard to Defendants' summary judgment (#74) motion was 23 pages in length.

permanent injunction in Plaintiffs' favor, and after a bench trial, awarded damages. *Id.* On January 2, 2013, the plaintiff filed a motion for attorneys' fees and memorandum in support, along with supporting documentation. (Exhibit A).[2]  Mr. Rothert sought $300 an hour for his services and $225 per hour for Mr. Doty, who had five years of legal experience at the time.

More importantly, Mr. Rothert sought payment for approximately 143 hours of attorney time. The parties in that case, in addition to filing initial pleadings, conducted discovery, filed cross-motions for summary judgment, and had a bench trial with regard to damages in a case that lasted over two years. Mr. Rothert in that case filed fourteen briefs of various lengths addressing legal issues in the case. Nonetheless, Mr. Rothert's attorneys' fee submission sought payment for approximately <u>20</u> percent of the time sought by Plaintiffs in the instant case, where the parties conducted no significant discovery and there was no trial of the matter.

2. ***Rohrbough v. Hall, et al.***

The plaintiff in this case filed a §1983 action against two St. Louis police officers and the Board of Police Commissioners arising out of an alleged use of excessive force. *Rohrbough v. Hall, et al.,* 4:07CV996 ERW. In

---

[2] Exhibit A is the Plaintiff's Motion for Attorneys' Fees and Costs and supporting materials in the *Snider* case. The Court may take judicial notice of its own files. *Downing v. Riceland Foods, Inc.* 298 F.R.D. 587, n.2 (E.D.Mo. 2014).

addition to the initial pleadings, the parties conducted discovery, Defendants filed for summary judgment, and then took a qualified immunity appeal. The case went to trial and resulted in a mistrial on the fifth day. The parties tried the case again and the jury found against one of the officers and in favor of one of the officers and the Board of Police Commissioners. Nonetheless, the plaintiff, who was represented by two attorneys at trial, sought payment for 571 hours of attorney time.[3] (Exhibit B hereto, Exhibit 1 thereto); *Rohrbough v. Hall*, 586 F. 582 (8th Cir. 2009). Again, this case shows the excessiveness of Plaintiffs' request. The plaintiff in *Rohrbough* conducted discovery, responded to a dispositive motion, defended an appeal, and conducted <u>two</u> trials, which took approximately 9 days, and still sought significantly less time than Plaintiffs' counsel spent litigating the instant matter, which involved no significant discovery and no trials.

In sum, these two cases, brought by two experienced civil rights attorneys, show the excessiveness of the hours claimed by Plaintiff in the instant case. *See also Dorr v. Webb*, 741 F.Supp.2d 1022, 1034 (N.D. Iowa 2010)(holding that more than 500 hours of attorney and paralegal time was extraordinary in light of the six hour case that was tried). Accordingly, the

---

[3] The Court may also take judicial notice of these materials. *Downing,* 298 F.R.D. 587, n.2. Plaintiffs' counsel in that case deducted 20% of their fees because they did not prevail against the Board. If they had not made that deduction, they would have billed 713 hours, which still is 37 hours less than what Plaintiffs seek here.

6

Court should limit the hours awarded in the instant case to approximately 150 to 200 hours, which is similar to the *Snider* case.

Furthermore, Plaintiffs have requested, and Defendants have provided, records showing the time Defendants' counsel worked on the case. Exhibits C and D hereto.[4] In stark contrast to Plaintiffs' request, counsel for the Board Defendants has recorded approximately 90 hours to litigate this case and the City Defendants' counsel has recorded approximately 74 hours to litigate this case. If the Court combines those figures, it approximates less than 1/4 of Plaintiffs' request.

The excessiveness of Plaintiffs' request can also be discerned from an examination of their billing records. Plaintiffs' submission seeks payment for well in excess of 155[5] hours of research done by three attorneys on that case, which is more than counsel spent litigating the entire case in the *Snyder* matter referenced above and more than either defense counsel has spent litigating the entire matter here. Exhibits C and D. Significant portions of that research were redundant. More specifically, Plaintiffs' submission seeks

---

[4] As the Attorney General's Office and City Counselor's Office are non-profit governmental entities, the recorded time may be somewhat understated.  Similarly, the City does not have time records for attorney Dan Emerson, who worked on this case before October of 2014.

[5] Defense counsel's calculations in this regard <u>exclude</u> approximately 15 entries regarding the *Rooker-Feldman* doctrine as it was bundled with other tasks in those instances, and does not include Mr. Wells's initial research, which almost certainly dealt with that issue.

payment for many hours of Mr. Hermann's research from December 29, 2013 to February 5, 2014 regarding Defendants' Motions to Dismiss, and concomitantly, the *Rooker-Feldman* doctrine, which formed the basis of those motions. (#29)(#84-2, page 1). Nonetheless, when the case was on appeal, Mr. Hermann conducted extensive additional research regarding the *Rooker-Feldman* doctrine. (#84-2, page 1). Given Mr. Hermann's experience level and familiarity with the *Rooker-Feldman* doctrine obtained in dealing with Defendants' motions to dismiss, this additional research is excessive. *Id.*

However, that is not the extent of the billing for research on those issues. Mr. Romines also conducted research regarding *Rooker-Feldman* issues (#84-4) as did Mr. Wells (#84-6). In fact, Mr. Wells's billings, while not stating explicitly all the research he did in this regard, also certainly include research regarding *Rooker-Feldman* issues. *Id.*

The Court should also reduce Plaintiffs' request as the amount of time drafting documents was excessive. While Defendants do not disagree with the notion that having a document reviewed by a second set of eyes is standard practice, and therefore reasonable, the billing records establish that in some cases, three attorneys significantly participated in drafting documents, which is excessive. More specifically, all three attorneys participated in a significant manner in drafting both the appellate briefs and the memorandum with regard to summary judgment. (## 84-2, 4, 6).

A few other billing entries merit mention. Mr. Edwards spent 2.4 hours outlining Defendants' memo in support of summary judgment. That effort seems to be useless when the memos were not particularly long. Further, counsel met for 2.8 hours to discuss the preliminary statement to the 8th Circuit, the substantive component of which was four paragraphs long. That is certainly excessive meeting time for such a short document and the Court should reduce that time accordingly. Further, Mr. Herman spent four working days preparing for oral argument in the Eighth Circuit Court of Appeals. Given the issues at that stage of the case, that time was certainly excessive.

**B.      Plaintiffs' requested hourly rates.**

Eighth Circuit precedent provides sufficient guidance to arrive at the appropriate St. Louis market rate. *Snider,* 752 F.3d at 1159-1160. The *Snider* case established the reasonable rate for an experienced attorney conducting First Amendment litigation at $300 per hour for Mr. Rothert, and for an inexperienced attorney at $225 per hour. *Id.* Those are rates that were sought by Mr. Rothert and Mr. Doty in that case. (Exhibit A hereto)  In addition, Mr. Rothert has recently sought $350 an hour for services in a civil rights case, *See Abdullah v. St. Louis County*, *et al.,* 2015 WL 5638064, which was

granted.[6]  Consequently, the Court should award Mr. Hermann and Mr. Romines $355 an hour for hours reasonably expended. While Mr. Hermann has cited cases where he was awarded $450 an hour, given the large amount of research in his billings, work which is traditionally funneled to more inexperienced attorneys, the $350 hour figure is more appropriate in the instant case. Defendants do not object to Mr. Wells's requested rated of $250 an hour.  In addition, this Court has approved a rate of $93 per hour for paralegal services, which should apply to Ms. Freidman. *Holland v. City of Gerald, Mo.,* 2013 WL 1688300 (E.D.Mo.).[7]

## **CONCLUSION**

For the foregoing reasons, Defendants Francis G. Slay, in his official capacity as Mayor of St. Louis, and as ex-officio member of the St. Louis Board of Police Commissioners, Tishaura Jones, Treasurer of the City of St. Louis, Darlene Green, Comptroller of the City of St. louis, Richard Gray, Thomas Irwin, Bettye–Battle Turner, and Erwin O. Switzer respectfully requests that the Court award Plaintiffs' attorneys fees based upon the rates

---

[6] As per the bureau of labor statistics inflation calculator, based upon inflation, the $350 Mr. Rothert received in 2015 is the equivalent of $355.56 today.

[7] As per the bureau of labor statistics inflation calculator, based upon inflation, $90 in 2013 is the equivalent of $92.97 today.

referenced above, award no more than 200 hours of attorney time, and grant

any further relief the Court deems just and proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General


*/s/Robert J. Isaacson*
Robert J. Isaacson, #38361
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri  63188
(314) 340-7861 (Telephone)
(314) 340-7029 (Facsimile)
*Attorneys for Defendants Slay, Gray,*
*Irwin, Battle-Turner and Switzer*


## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon:

Robert Herman
8820 Ladue Road, Suite 201
St. Louis, MO 63124
*Attorney for Plaintiffs*


*/s/ Robert J. Isaacson*
Robert J. Isaacson
Assistant Attorney General


11