UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. BANKS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:13CV02158 ERW |
| ) | |
| FRANCIS G. SLAY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Francis Slay, in his official capacity as Mayor of Saint Louis; Tishaura Jones, Treasurer of the City of Saint Louis, and Darlene Green, Comptroller of the City of Saint Louis (collectively "City Defendants") Motion for Stay of Execution of Judgment and Attorney's Fees separate Motions for Summary Judgment. [ECF No. 89]. Plaintiffs Michael Banks and Antonia Rush-Banks ("Plaintiffs") in their response to this motion [ECF No. 93] do not object to a stay of execution pending finality of the appeal, with interest accruing.

## **I. BACKGROUND**

The Court granted Plaintiffs' summary judgment motion on July 25, 2016, ordering the City Defendants to pay the default judgment obtained against the Board Defendants in 2009, and directed Darlene Green to pay this judgment. On August 2, Plaintiffs filed their bill of costs, [ECF No. 82], and on August 10, 2016, Plaintiffs filed their motion for attorney's fees. [ECF No. 83]. Also on August 10, the Court issued its Writ of Mandamus commanding Darlene Green to issue payment to Plaintiffs. [ECF No. 87] On August 11, City Defendants filed their Notice of Appeal to the U.S. Court of Appeals for the Eighth Circuit. [ECF No. 88] City Defendants now ask the Court

1

to stay the execution of the judgment, and of the attorney's fees and costs. Furthermore, City Defendants request the Court waive the supersedeas bond requirement because they are able to pay the judgment without delay or difficulty.

## II. STANDARD OF REVIEW

A party may obtain a stay of judgment by posting an adequate supersedeas bond. *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting Paramount Theaters, Inc.*, 87 S.Ct. 1 (1996); Fed. R. Civ. Pro. 62(b). Rule 62(d) of the Federal Rules of Civil Procedure, provides that:

> "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

Fed.R.Civ.P. 62(d). "With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." *United States v. Mansion House Ctr. Redevelopment Co.*, 682 F.Supp. 446, 449 (E.D.Mo.1988) (citing *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S.Ct. 1 (1966)). "The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay." *New Access Commc'ns LLC v. Qwest Corp.*, 378 F.Supp.2d 1135, 1138 (D.Minn.2005) (quoting *Adzick v. Unum Life Ins. Co. of Am.*, 2003 WL 21011345, at *1 (D.Minn. Apr. 16, 2003)). While "[a] full supersedeas bond is the norm," a district court does have discretion to waive the bond requirement or to only require a partial bond, while still implementing a stay of the judgment pending appeal. *Mansion House*, 682 F.Supp. at 449 (citing *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir.1986); *see also New Access*, 378 F.Supp.2d at 1138 (quoting *Adzick*, 2003 WL 21011345, at *1).

**III. DISCUSSION**

City Defendants argue the Court should stay the execution of judgment, attorneys' fees and costs, and also waive the bond requirement, in accordance with the Court's analysis of the City's ability to pay the judgment. When deciding whether to waive a bond, there are several factors for the Court to consider: 1) complexity of the collection process, 2) amount of time required to obtain a judgment on appeal, 3) degree of confidence the district court has in the ability of the party seeking waiver to pay the judgment, 4) whether ability to pay the bond is so plain the cost of the bond would be a waste, and 5) whether the party seeking waiver is in such a precarious financial situation the bond would place other creditors in an insecure position. *Exec. Air Taxi Corp. v. City of Bismarck, N. Dakota*, No. 1:04–CV–56, 2007 WL 559819 at *1 (D.N.D. Feb. 14, 2007); *see also Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir.1988); *Augustin v. Nassau Cnty Sherriff's Dep't,* 783 F.3d 414, 417–18 (2d Cir.2015).

City Defendants argue because the Comptroller has the authority to pay a judgment without appropriation, the first, third and fourth factors weigh in their favor. City Defendants also argue the third and fifth factors weigh in their favor because the City has had more than ten times the judgment amount in its Clearing Account for the last thirty-six years. Finally, they argue requiring a supersedeas bond will subject the City to unnecessary costs and fees to obtain this bond. The Seventh Circuit addressed a similar issue in *Dillon*, where the Court found the City of Chicago was granted a stay without a supersedeas bond because the City of Chicago demonstrated the existence of funds and how those funds could be dispensed without substantial delay or difficulty. *Dillon*, 866 F.2d at 905. The Court agrees with the reasoning of the Seventh Circuit and Defendants, particularly considering Plaintiffs lack of objection to the matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Darlene Green, Tishaura O. Jones, and Francis G. Slay's Motion for Stay of Execution of Judgment and Attorney's Fees is hereby GRANTED. [ECF No. 89];

**IT IS FURTHER ORDERED** that the execution of Judgment and payment of attorney's fees and costs in this matter is stayed, and the requirement of filing a bond is waived.

So Ordered this 15th Day of September, 2016.

                                        **E. RICHARD WEBBER**
                                        **SENIOR UNITED STATES DISTRICT JUDGE**