UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. BANKS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:13CV02158 ERW |
| | ) |
| FRANCIS G. SLAY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Bill of Costs [ECF No. 82], Plaintiffs' Motion for Attorneys' Fees [ECF No. 83], Plaintiffs' Motion for Billing Records. [ECF No. 85], and Plaintiffs' Verified Joint Motion for Supplemental Award of Attorneys' Fees Pursuant to U.S.C. § 1988. [ECF No. 111].

## I. FACTUAL BACKGROUND

This lawsuit originated when Plaintiffs Michael J. Banks and Antonia Rush-Banks ("Plaintiffs") filed a complaint against Defendants Francis Slay, an ex-officio member of the Saint Louis Board of Police Commissioners, Richard Gray, Thomas Irwin, Bettye-Battle Turner, and Erwin Switzer; Francis Slay, in his official capacity as Mayor of Saint Louis; Tishaura Jones, Treasurer of the City of Saint Louis, and Darlene Green, Comptroller of the City of Saint Louis (collectively "Defendants"); seeking to enforce a default judgment entered by the Circuit Court of the City of St. Louis, for violations of Michael Williams, a former St. Louis City Police Officer. The Court granted Plaintiffs' Motion for Summary Judgment and entered a writ of

mandamus ordering Darlene Greene, Comptroller of the City of Saint Louis, to issue payment to Plaintiffs in the amount of $1,487,553.49.

## II. ANALYSIS

Plaintiffs have filed four motions before the Court: Plaintiffs' Motion for Bill of Costs [ECF No. 82], Plaintiffs' Motion for Attorneys' Fees [ECF No. 83], Plaintiffs' Motion for Billing Records. [ECF No. 85], and Plaintiffs' Verified Joint Motion for Supplemental Award of Attorneys' Fees Pursuant to U.S.C. § 1988. [ECF No. 111]. Defendants have not objected to the bill of costs, the request for costs in the motion for attorneys fees, and have provided the requested billing records in their opposition memorandum to Plaintiffs' motion for attorneys fees. The only remaining issues present before the Court is Plaintiffs' request for attorneys fees.

Plaintiffs seek $245,030.00 in attorneys' fees and $161.05 in costs. Plaintiffs' attorneys' fees were calculated using the lodestar method. Plaintiffs seek $450.00 per hour for attorney Robert Herman's 287 hours of work on this matter, $325.00 per hour for attorney Kenneth Romine's 64 hours of work on this matter, $250.00 per hour for attorney Edward Wells 364.7 hours of work on this matter, and $110.00 per hour for law clerk Ilana Friedman's 35.5 hours of work on this matter. [ECF No. 85]. Defendants in their opposition motion counter both Plaintiffs' attorneys' hourly rates and the time expended were excessive. They specifically argue Mr. Hermann should be awarded a $355 hourly rate, Ms. Friedman should be awarded a $93.00 hourly rate, and the Court should not award any more than 200 hours of attorney time. [ECF No. 104]. Defendants reply both Mr. Hermann and Ms. Friedman's proposed hourly rates are reasonable and well cited, Plaintiffs' counsel spent an appropriate amount of time on this case, cases cited by Defendants are not comparable, and Defendants identify only a few unreasonable time amounts. [ECF No. 110].

Plaintiffs are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988. There are two steps in determining whether attorneys' fees are reasonable: (1) first the number of hours attorneys expand must be reasonable; and (2) the rates charged by attorneys' must be reasonable. *Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)*. To determine a reasonable amount for attorney fees, a court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The product of this calculation is "presumed to be the reasonable fee to which counsel is entitled" when the attorney has shown the claimed rate and number of hours are reasonable. *Id*. The "novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation" are reflected in this amount. *Id*. (internal quotations omitted).

   a. *Hours Billed*

Plaintiffs, in their motion, argue this case involved complex questions of state and local law, to the extent possible they allocated more routine work to associate's and law clerks, and provided detailed billing records showing their billed hours were reasonable. [ECF Nos. 84, 84-1 – 84-8]. Defendants, in their opposition motion, argue, Plaintiffs' attorneys' billing is not individual and specific, the case was factually simple, the legal issues were not complex, and similar cases have been litigated for significantly fewer hours, and certain billing line items are unreasonable as excessive. [ECF No. 104 at 3-4]. Plaintiffs reply Defendants billing records in this case are incomplete and thus not probative to the amount of time Plaintiffs spent; the cases Plaintiffs hope to compare to the present case can be distinguished because of simpler appeals; and Defendants only specify four line items of excessive billing.

Defendants cite two different civil rights litigation cases, where attorneys billed time was significantly lower, and allege these cases are comparable to the present case to show Plaintiffs' billing is unreasonable. Plaintiffs respond these cases can be distinguished because the issues on appeal were much simpler. In *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014), Anthony Rothert and Grant Doty, a partner and associate with five years of experienced charged $300 per hour and $225 per hour, respectively, in a case regarding flag desecration, where parties conducted discovery, had a bench trial, and the litigation lasted over two years. [ECF No. 104-1]. In *Rohrbough v. Hall*, No. 4:07CV00996 ERW, 2010 WL 4940954, at *4 (E.D. Mo. Nov. 30, 2010), where a total of 713 hours was billed in a case regarding police misconduct, the plaintiffs had two bench trials and Plaintiffs had to defend an appeal. [ECF No. 104-4]. Plaintiffs attempt to distinguish these cases, by arguing the issues on appeal were much simpler, and the *Rohrbough* plaintiffs were defending an appeal, not seeking to overturn the district court.

The Court is persuaded by Defendants' memorandum regarding their request for reductions of attorneys fees. Fees for research and drafting by Mr. Robert Hermann are reduced by 20%. Fees for research and drafting by Mr. Edward Wells are reduced by 20%. Mr. Hermann will be allowed to bill for a total of 245 hours[1]. Mr. Wells will be allowed to bill for a total of 305.5 hours.[2]

b. *Plaintiffs' attorneys hourly rates*

Plaintiffs argue, in their motion for attorneys' fees, their rates are reasonable in comparison to the market of the metropolitan St. Louis area, and in regards to each attorney's experience.

---

[1] The Court calculated Mr. Robert Hermann spent 209.8 hours doing research and drafting tasks, and a 20% reduction in this amount is a reduction of 42 hours.
[2] The Court calculated Mr. Edward Wells spent 296 hours doing research and drafting tasks, and a 20% reduction in those hours is a reduction of 59.2 hours.

4

Defendants respond Mr. Hermann's initial request for $450 and hour is unreasonable, and a $355 hourly rate is reasonable, and Ms. Friedman, should be billed at a paralegal's rate for $93 an hour. [ECF No. 104 at 9-10]. Plaintiffs reply Defendants comparisons of Mr. Hermann are inappropriate considering, Mr. Hermann's extra experience, Ms. Friedman, should not be paid as a paralegal considering her legal training, and further Defendants do not address Plaintiffs' citations of market rates for the 2014-2015 market survey of rates. [ECF No. 84-9].

Plaintiffs and Defendants have each asserted hourly rates they believe to be reasonable. Plaintiffs contend a $450 hourly rate for Mr. Hermann is reasonable based on the complex nature of civil rights litigation. Defendants counter, this court has recently paid Anthony Rothert, an experienced civil rights attorney, $355 per hour, and even though Mr. Herman has been paid $450 an hour for his billing in past cases, given the large amount of research Mr. Hermann has billed in this case a $355 hourly rate is more appropriate. Plaintiffs reply it is unreasonable for Mr. Hermann to Mr. Rothert, because Mr. Rothert has 14 less years of experience than Mr. Hermann.

The Court first notes, while Mr. Hermann's years of extra experience are valuable, Mr. Rothert is also an experienced attorney. Further, while Plaintiffs cite a market survey of rates, Plaintiffs fail to mention their proposed rate would be the tenth highest hourly fee in the St. Louis metropolitan area, and equal to the highest fee rate for an attorney performing civil rights litigation in the region. While counsel is highly skilled, and has significant experience and qualifications, his brief does not address why his award should be billed at the highest rate in the region for civil rights litigation according to the survey. [ECF No. 84-9]. Additionally, while

civil rights litigation is complex and deserving of higher than average fees,[3] the Court recognizes this is not a typical civil rights case. This case was in regards to the enforcement of an entry of a default judgment, and while civil rights issues were present in regards to whether Defendants had proper notice, many of the issues on appeal and summary judgment were not civil rights issues. The Court finds a $450 per hour fee is unreasonable for Mr. Hermann in this case, and Plaintiffs' proposed fee of $355 per hour is a reasonable fee in light of the expertise of counsel, quality of representation, and length of the litigation.

Plaintiffs also aver Ms. Friedman, should be treated as a law clerk at a rate of $110.00 an hour, while Defendants contend it is more appropriate to treat Ms. Friedman at a paralegal's rate, at a $93.00 an hour. An award of attorney's fees may also include rates for paralegals and law clerks if it is reasonable to do so in the market of the attorneys. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285, 109 S. Ct. 2463, 2470, 105 L. Ed. 2d 229 (1989). Plaintiffs only support for Ms. Friedman's rate is the general market survey where support staff on average are paid $170.00, but the market survey makes no reference to a law clerk's rate, only to paralegals, legal writers and researches, and legal assistants. [ECF No. 84-9]. Defendants in their response, acknowledge the Court has awarded lower paralegal fees in the amount of $93.00. The Court believes a $93.00 hourly rate is reasonable.[4]

---

[3] The Supreme Court has found fees for civil rights litigation should be equivalent to "fees 'in other types of equally complex Federal litigation, such as antitrust cases, and not be reduced because the rights involved may be nonpecuniary in nature.'" *Hensley v. Eckerhart*, 461 U.S. 424, 447 (1983).

[4] In a civil rights case the Court found an hourly rate of $75.00 ($83.90 in present dollars) was reasonable for a law clerk. *Balaban v. Lincoln Cty. Ambulance Dist.*, No. 4:06CV1268 CDP, 2008 WL 1701095, at *1 (E.D. Mo. Apr. 9, 2008). In a wrongful discharge case this Court found a second year law student's rate of $75.00 per hour ($76.03 in present dollars) reasonable. *Koenig v. Bourdeau Const. LLC*, No. 4:13CV00477 SNLJ, 2014 WL 6686642, at *2 (E.D. Mo. Nov. 26, 2014). Further, the United States District Court for the Western District of Missouri, the court found an award of $40.00 ($66.17 in present dollars) unreasonable for attorney's fees for law students, and reduced this amount by half ($33.09 in present dollars). *Southside Welfare Rights Org. v. Stangler*, 156 F.R.D. 187, 189 (W.D. Mo. 1993).

*c. Costs and Billing Records*

Plaintiffs' Motion for bill of costs seeks $905.00 in fees from the Clerk. [ECF No. 82]. Plaintiffs also seek $161.05 in costs which includes copying and binding costs for appellate briefs in their Motion for Attorneys Fees. [ECF No. 83]. Further, Plaintiffs also sought the disclosure of Defendants' Billing Records. [ECF No. 85]. Costs may be awarded as well as attorneys' fees under 42 USC § 1988. Defendants do not object to these costs, and provided their billing records in their opposition memorandum in response to the motion for attorney's fees. The Court will award Plaintiffs $905.00 in clerk fees and $161.05 in costs as requested.

*d. Supplemental Award of Attorneys Fees*

Plaintiffs have also filed a motion for a supplemental award of attorneys fees, for the time spent litigating their attorneys fees. Defendants did not file an opposition to this motion. Time spent litigating attorneys fees is generally proper. *El-Tabech v. Clarke*, 616 F.3d 834, 843–44 (8th Cir. 2010). Mr. Robert Herman requests 6.2 hours, Mr. Edward Wells requests 15.7 hours, and Ms. Ilana Friedman requests 3.2 hours, at the hourly rates previously requested. The Court will grant these additional hours at the hourly rates previously determined by the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Motion for Bill of Costs [ECF No. 82] is GRANTED and Plaintiffs shall be awarded $905.00 in clerk fees.

**IT IS FURTHER ORDERED** that Plaintiffs Motion for Attorneys Fees [ECF No. 83] is GRANTED in Part, and DENIED in Part. Plaintiffs shall be awarded $187,465.70 in attorneys fees costs and $161.05 in costs.

**IT IS FURTHER ORDERED** that Plaintiffs Motion for Disclosure of Billing Records [ECF No. 85] is MOOT since Defendants have provided these records.

**IT IS FURTHER ORDERED** that Plaintiffs' Verified Joint Motion for Supplemental Award of Attorneys' Fees Pursuant to U.S.C. § 1988. [ECF No. 111] is GRANTED in Part, and Denied in Part. Plaintiffs shall be awarded an additional $6,423.60 in attorneys fees.

So Ordered this 7th Day of October, 2016.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**